BARNABAS E. ELDRIDGE, appellant, *v.* NELSON ROWE, appellee.

*Appeal from Kendall.*

The rule is well established, that where one has the precedent condition in his favor, that he is not liable to an action until the other has performed; and when an action is brought upon the contract, the defendant has a right to require the plaintiff to prove the precedent performance on his part, according to the agreement, before he will be entitled to recover.

If work is performed, or materials are delivered, though not according to the terms of the agreement, and the same is accepted by the other party; or where, without any new agreement, or acceptance, the product of the labor, or the materials furnished or delivered, are appropriated by such party to his own use and benefit, when it is in his power to abandon the same, and rescind the contract *in toto*, without an abandonment of his own property, the plaintiff will be entitled to recover for a partial performance of the contract.

Where a remedy is afforded for a partial performance only, the party must not sue upon the original agreement, but must resort to an action upon the new agreement, which the law implies, and recover upon a *quantum meruit* or *quantum valebant*, whatever compensation he may reasonably deserve to have for his labor, or materials, accepted or appropriated otherwise than according to the terms of the original agreement.

The doctrine, as laid down in 2 Starkie, 97, recognized by this Court.

If a person should contract to build a house, or a wall, or to construct a ditch or a fence upon the land of another, and should proceed to perform the work in part, and afterwards refuse or neglect to complete the residue according to the terms of the agreement, it would be impracticable for the employer to abandon, and he may properly appropriate the work, so far as it may have progressed, without being subject to an action upon a *quantum meruit*, unless he should render himself liable by an acceptance.

So, if a person should agree to work upon the plantation of another, in the performance of such services generally as are incident to the art of husbandry, here his labor, upon a failure to perform his agreement, would have become so incorporated with the soil, and so mixed up with the general concerns of the farm, as not to be susceptible of separation and abandonment, and the employer, as a necessary consequence, may avail himself of its benefits, if any, without danger of being subjected to an action for the work thus imperfectly

Eldridge *v.* Rowe.

or defectively performed.   In those cases, however, of part performance only, or defective performance, where the employer has it in his power to rescind the contract *in toto,* and abandon the portion performed, he will be required to do so, as otherwise he will be considered as acquiescing, by receiving the work, and will be liable upon a *quantum meruit* for whatever it may be worth.

If a contract is entire, a full and substantial performance of a condition precedent by the plaintiff must be shown, before he can recover on the contract; such a contract cannot be affirmed in part and rescinded as to the residue.

A. agreed to work for B., for a term of eight months for the sum of ninety dollars, but at the end of four months, without any fault on the part of B., he left his employment:   *Held* to be an entire contract, and that A. could not recover for the work done.

THIS was a suit originally commenced by the appellee against the appellant before a justice of the peace of Kendall county.   The justice rendered a judgment in favor of the plaintiff for $30, and costs.   The defendant appealed to the Circuit Court, and the cause was tried before the Hon. John D. Caton and a jury, at the August term 1844.   Verdict and judgment for the plaintiff for $26·75.

The material facts will be found in the Opinion of the Court.

*O. Peters,* for the appellant.

The evidence shows that Rowe contracted to work for Eldridge eight months for an agreed price, and that, without the consent of Eldridge, he left his service before the expiration of the term.

By the very terms of the contract, the performance of service for the whole time was a condition precedent, and he cannot recover until he shows that he has performed on his part.   The promises to serve and to pay were entire and independent.   *Stark* v. *Parker,* 2 Pick. 268, and authorities there cited, and the doctrine fully considered.

There was no promise by Eldridge to pay after Rowe left his service; it was a mere offer to compromise.   The offer to pay thirty dollars was not assented to by Rowe.   It was, therefore, clearly not binding upon Eldridge.   Rowe must have understood that there was no agreement on the part of Eldridge to pay him thirty dollars, because he does not sue for that amount, but for a proportionate amount for the whole

eight months. But even if there was a promise to pay thirty dollars, the promise was without consideration, and was a mere *nudum pactum*. By a breach of the contract by Rowe, Eldridge was absolved from the contract entirely.

If it should be said that the services were worth something, and that there was, therefore, a moral obligation to pay their actual value, it is answered, that a moral obligation is not a sufficient consideration to make a promise binding, as is very forcibly shown in the case of *Mills* v. *Wyman*, 3 Pick. 207.

*A. Lincoln*, for the appellee, relied upon the case of *Britton* v. *Turner*, 6 New Hamp. 481, and the cases there cited.

The Opinion of the Court was delivered by

YOUNG, J. This was an action originally commenced before a justice of the peace, by Rowe against Eldridge, to recover the sum of $47·32, for work and labor performed by Rowe for Eldridge, in which there was a judgment rendered in favor of the plaintiff below, before the justice, for the sum of $30, and costs.

From this judgment, the defendant below prosecuted an appeal to the Kendall Circuit Court, which was docketed for trial at the April term of said Court, 1844, and continued. At the August term 1844, the parties appeared, and the cause was submitted for trial, to a jury. The plaintiff, Rowe, then proved that he had worked for the defendant, Eldridge, on his farm, in the year 1843, for about the term of four months, commencing in the month of February, and leaving the defendant's employment and business about the last of June, or the first of July following, and that his labor was worth from ten to twelve dollars per month, and here rested his case.

The defendant, Eldridge, then proved by Henry Parsons, that he heard a conversation between one Lake and the plaintiff, Rowe, on the 29th day of June, 1843, in which Lake expressed a wish that the plaintiff would go to the

South with him, Lake, to which, the plaintiff replied, that he did not know whether the defendant, Eldridge, would let him off; that on the next day, or the day following, witness was at work with the plaintiff in the defendant's field, and in a conversation then had with the plaintiff, the plaintiff said he wanted to go to the South with witness, but did not know that the defendant would let him off; that witness then asked the plaintiff how long he had engaged to work for the defendant, to which, the plaintiff answered, that he had agreed to work for the defendant eight months for the sum of ninety dollars. The same witness also testified, that in a day or two after this conversation, the plaintiff, Rowe, left the employment of the defendant, Eldridge, and quit working for him. Parsons, on cross examination, also testified that the plaintiff held the last mentioned conversation, on Wednesday or Thursday, and that on the Monday morning following, the plaintiff left the defendant's residence, and did not return to work.

Here the defendant rested his defence.

The plaintiff then called Elihu Griswold, who testified that the plaintiff sent word by witness to the defendant, that he would not work for him any more; that he, witness, went to the defendant's house and delivered said message to the defendant, to which, the defendant made no definite reply, and no objection of any kind. Witness could not recollect when this took place, but thought it was on Monday evening, a day or two after the plaintiff ceased to work for the defendant. The plaintiff then recalled Petit, his first witness, who testified that he had a conversation with the defendant, after the plaintiff had quit working for him, in which he told the witness, that Rowe was going to quit work; that he had made Rowe three propositions, to wit:

1.  That Rowe should work out his time;

2.  Or get some other man to work it out for him; or,

3.  That he, Eldridge, would pay him $30 for what he had done; and that Rowe was to let him know on that day which he would do; that Eldridge also stated in the same conversation, that Rowe had sent him word, within the time

allowed for that purpose, that he was not going to work for him any longer; and that Eldridge then said, he did not consider that he was holden to pay him any thing for what he had done, because he had not taken up with either of the propositions. The witness also testified, that this conversation with the defendant was in the evening of the same day, or day after the plaintiff quit working for the defendant; he thought on Monday or Tuesday evening. The witness further testified, that he understood from the defendant in the same conversation that the plaintiff had left his service before the three propositions, before referred to, were made to him. The defendant then proved an account, by way of set-off against the plaintiff, for $3·20. This was all the evidence in the cause.

Upon this testimony, the jury returned a verdict in favor of the plaintiff, Rowe, for $26·75. The defendant, Eldridge, moved for a new trial, which was overruled by the Court, and a judgment rendered against the defendant on the verdict of the jury for $26·75, and cost of suit.

From this judgment, the defendant, Eldridge, has prosecuted an appeal to this Court, and now assigns the following as causes of error, to wit:

1. The Circuit Court erred in rendering a judgment in favor of the appellee, when it should have been for the appellant; and

2. The Court erred in overruling the appellant's motion for a new trial.

The evidence shows that Rowe had agreed to work for Eldridge on his farm, for the term of eight months for the sum of ninety dollars, and that Rowe left his employment and ceased to work for him at the end of four months, without the consent and without any fault on the part of Eldridge; and the question now is, Ought Rowe to recover *pro tanto*, for so much work as he has performed for Eldridge, upon a *quantum meruit?* The general rules which govern in ordinary cases of contract for work and labor, are simple and easily understood, but often difficult in their practical application to many of the cases which arise in the country,

and are constantly presented in our Courts for adjudication. The loose manner in which parties frequently express themselves in making verbal agreements, and not unfrequently when the contracts are in writing, often obscures the intention, and necessarily involves the proper construction to be given to them by Courts and juries, in much doubt and perplexity. The main object to be arrived at, is the intention of the parties, and effect is always to be given to that intention, whenever it can be done without doing violence to the plain and obvious meaning and import of the language employed by the parties themselves, in making the agreement. When an agreement is fairly entered into, and upon a good and valid consideration, it should be faithfully performed, and neither party is at liberty to disregard it, or to perform it otherwise than according to his engagement; and the rule is well established, that where one has the precedent condition in his favor, that he is not liable to an action until the other has performed; and when an action is brought upon the contract, the defendant has a right to require the plaintiff to prove the precedent performance on his part, according to the agreement, before he will be entitled to recover. And it is our duty to discountenance any departure from this rule, which will allow a party to abandon his undertaking at pleasure, and resort to a *quantum meruit*, where a part of the agreement only has been performed.

There are many cases, however, where, upon partial performance, a party may recover, but each case must necessarily depend upon its own circumstances, and especially upon the conduct of the opposite party to the contract. As if, for instance, the work performed, or materials delivered, although not delivered according to the terms of the agreement, should be accepted by the person for whom performed or delivered; or where, without any new agreement or acceptance, the product of the labor or the materials furnished or delivered, are appropriated by the person to his own use or benefit, when it is in his power to abandon the same, and rescind the contract *in toto*, without an abandonment of his own property. It would be requiring too much of a party to

Eldridge *v.* Rowe.

compel him to abandon his own property, because the other party had thus incorporated his labor with it, in a manner incompatible with the agreement. But in cases where the contract may be rescinded, the law will not permit one person thus to appropriate the labor or property of another, without a just compensation, proportionate to its value, but will leave him to his action upon the contract, for damages, according to the injury sustained, against the party in default.

But in all these cases, where a remedy is afforded for a partial performance only, which are to be regarded as exceptions to the general rule, the party must not sue upon the original agreement, as he cannot prove performance in full, but must resort to an action upon the new agreement, which the law implies, and recover upon a *quantum meruit,* or *quantum valebant,* whatever compensation he may reasonably deserve to have for his labor or materials, when thus accepted or appropriated otherwise than according to the terms of the original agreement.

And this is the doctrine, as laid down by Starkie, in his treatise on Evidence, vol. 2, page 97, which will be found to be supported by many adjudged cases. As, for instance, "where the plaintiff, under a special agreement, has executed the work improperly, since he has not done that which he engaged to do, and which is the consideration of the defendants' promise to pay, it seems to be now well settled, that the plaintiff must recover, if he can recover at all, upon the *quantum meruit,* and that he cannot recover more than the value of the work and materials to the defendants. And where the plaintiff has executed his work so ill that the defendant has derived no benefit from it, or none which exceeds the value of whatever may have been paid upon it by the defendant, the law will not allow him to recover at all."

And again, it is often difficult to distinguish between what may, and what cannot, from its nature, be abandoned; and what act, or acts on the part of the person, for whose use

the work is performed, or materials furnished, will amount to an acceptance.

If a person should contract to build a house, or a wall, or to construct a ditch or a fence upon the land of another, and should proceed to perform the work in part, and afterwards refuse, or neglect to complete the residue, according to the terms of the agreement, this would be a case, where it would be impracticable for the employer to abandon, and he may properly appropriate the work, as far as it may have progressed, without being subject to an action upon a *quantum meruit,* unless he should render himself liable by an acceptance as before prescribed.

So, if a person agree to work upon the plantation of another, in the performance of such services generally as are incident to the art of husbandry, here his labor, upon a failure to perform his agreement, would have become so incorporated with the soil, and so mixed up with the general concerns of the farm, as not to be susceptible of separation and abandonment, and the employer as a necessary consequence, may avail himself of its benefits, if any, without danger of being subjected to an action for the work thus imperfectly or defectively performed.

But in all cases of part performance only, or defective performance, where the employer has it in his power to rescind the contract *in toto,* and abandon the portion performed, he will be required so to do, as otherwise he will be considered as acquiescing, by receiving the work, and will be liable over upon a *quantum meruit* for whatever it may be worth.

But, as I before remarked, when the agreement is entire, a full and substantial performance of a condition precedent by the plaintiff must be shown before he can recover on the contract; for an entire contract cannot be affirmed as far as it has been performed and rescinded as to the residue. 1 Marshall, 227; *Munford* v. *Martin,* 6 Monroe, 609, *et seq.*

Testing this case by the rules prescribed in similar cases, and it is obvious, that the plaintiff below had no legal right to recover for the four months' labor he had performed. He

had agreed to labor on the farm of Eldridge, for the term of eight months for the sum of ninety dollars, and he has not performed his agreement; and it is no objection to say that Eldridge has received the benefit of his labor, this being a case, where, from its nature, Eldridge could not separate the products of his labor from the general concerns of his farm, and ought not, therefore, to be responsible to any extent whatever, for not doing that which was impossible.

Nor was the defendant, Eldridge, holden by his proposition to compromise, as it appears from the evidence, that it was not accepted by the plaintiff, Rowe, which was essential to its validity.

We are of opinion, therefore, that the Circuit Court erred in refusing a new trial, and that the plaintiff, Rowe, is not entitled to recover for a part performance of his contract.

Judgment reversed with costs, and cause remanded.

KOERNER, J. dissented.

*Judgment reversed.*