(No. 20692.— )

ALEXÁNDER M. DICK, Appellant, *vs.* SOPHIA HALUN, Appellee.

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

BIPPUS, ROSE, BURT & REEVE, (HAROLD L. REEVE, of counsel,) for appellant.

164

FELSENTHAL, STRUCKMANN, MILLER & ROSENBERG, (ELI B. FELSENTHAL, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

A bill for specific performance was filed September 18, 1928, in the circuit court of Cook county, by Alexander M. Dick against Sophia Halun. Its purpose was to enforce an alleged agreement made August 21, 1928, for an exchange of properties at certain valuations. The cause was referred to a master in chancery, who found that there was no contract dated August 21, 1928; that an instrument in evidence dated August 31, 1928, was in fact only a proposal by Mrs. Halun to exchange properties, which was withdrawn by her on September 4, 1928, before the same had been submitted to or accepted by Dick; that Dick was away from Chicago on August 31, 1928, and knew nothing of the proposed exchange of properties, took no part in preparing the proposal, and did not sign the same until his return, on September 8, 1928; that L. D. McKendry, the broker in the transaction, was the agent of both Mrs. Halun and Dick, and that it would be inequitable to enforce the contract. Exceptions filed to the master's report were overruled by the chancellor and a decree was entered dismissing the bill for want of equity. From this decree the present appeal was taken.

The record in this case clearly shows that the instrument of August 31, 1928, was not an enforceable contract between the parties. It was a mere proposal to exchange properties, which, because of its withdrawal by Mrs. Halun before its acceptance by Dick, did not ripen into a contract. The proof is conclusive that when Mrs. Halun signed the offer to exchange her property on August 31 Dick had been out of the city for about six months and knew nothing about the transaction until his return on September 8 following. Prior to that day he had not even received a deed to the

property which McKendry proposed to exchange for him. Mrs. Halun testified that before the instrument was signed at her home on August 31 she insisted that she did not want to sign until she had had further time to consider it. Both she and McKendry repeatedly referred to this instrument as a proposal, only. When she finally decided on the terms of her offer as embodied in the proposal McKendry's testimony is: "I said we would take her propositions just as she stated them—change the contract to that effect and present it." Again in referring to the transaction McKendry testified: "She [Mrs. Halun] was perfectly familiar with both properties and made up her own proposition;" and the instrument in question was several times characterized by McKendry as a "proposal," both in his direct and cross-examinations. Mrs. Halun testified that McKendry told her that if, after further inspection of the property, "she thought it wasn't right and wanted to change her mind, to let McKendry know." This was on Friday, August 31— the day she signed the instrument. The following day, Saturday, she sent her daughter to McKendry's office after the key to the property. On Sunday, September 2, she and her brother-in-law, a building contractor, made a careful survey of the premises she was considering in the exchange and found them unsatisfactory. The following day was Labor Day and McKendry's office was closed. On the next day, September 4, Mrs. Halun went to his office and told him positively that she would not go on with the trade. At that time the proposal had not been submitted to Dick and he knew nothing about it. No binding contract ever came into existence, because Mrs. Halun withdrew her offer before it was accepted.

The burden of proving the existence of a contract and all the facts essential to the cause of action is upon the person who asserts the contract. (13 Corpus Juris, 756; *Brach* v. *Matteson,* 298 Ill. 387; *Chicago Title and Trust Co.* v. *Schwartz,* 339 id. 184.) There can be no contract without

an offer and acceptance, and the surrounding circumstances substantiate the testimony of Mrs. Halun that her offer to exchange properties was withdrawn before the contract was accepted.

The decree is affirmed.

*Decree affirmed.*