(No. 24044.—

JEAN S. GEARY, Assignee, Appellant, *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellee.

*Opinion filed June 11, 1937—Rehearing denied October 7, 1937.*

MILTON HART, for appellant.

ASHCRAFT & ASHCRAFT, (RUSSELL F. LOCKE, and RUFUS D. BEACH, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant, as assignee of a claim for rent, secured judgment thereon in the municipal court of Chicago against the appellee in the sum of $1750. The cause was tried on a stipulation of facts from which it appears that on February 25, 1931, appellee, then in possession of the premises, wrote to the Foreman Trust & Savings Bank, herein called the Foreman Bank, then receiver of the premises, as follows:

"Re: 3309 W. Madison Street.

"Herewith original and duplicate copies of renewal lease for one year commencing May 1, 1931, at a monthly rental rate of $125.00 with one one-year renewal privilege at $135.00 per month.

"Kindly have both copies properly signed, and return to this office at your earliest convenience."

On March 2, following, the Foreman Bank forwarded the lease to its attorney and requested him to procure authorization, by the court in which the receivership was pending, to execute the lease. This authorization was made on March 6, and on March 7, at 10:30 A.M., the Foreman Bank, as receiver, having executed the leases sent by appellee with its letter of February 25, mailed them to appellee with the following letter:

"We are pleased to advise you that the court has authorized us to execute a lease with your Company from May 1, 1931, for a period of one year at a monthly rental of $125.00.

"We are returning herewith two leases for signature. Kindly return the original, retaining a copy for your files."

On that day, at 1:30 P.M., the appellee mailed the following letter to the receiver:

"Re: 3309 W. Madison Street.

"Our Mr. MacKenzie has been negotiating with you for the renewal of our lease on the above store. An offer of $125.00 per month for the term of one year commencing with May 1, 1931, and ending with April 30, 1932, was

submitted on our lease form with our letter of February 25, 1931. To date this offer has not been accepted.

"Please accept notice that we withdraw this offer and that we do not intend to renew our lease after the expiration of its present term.

"Thank you for your efforts and consideration."

It is stipulated that appellee did not, when it mailed this letter, know of the mailing of the executed leases by the receiver, and that the receiver, when mailing them to appellee, had no notice of an intention on the latter's part to withdraw its offer to lease. On April 30, just prior to the termination of the current year, appellee addressed a letter to the receiver enclosing keys to the premises and advising him that the premises had been vacated. The premises remained vacant from April 30, 1931, to April 1, 1932, when they were rented for $60 per month. Evidence was also admitted tending to prove an effort on the part of the receiver to rent the premises during the year. On appeal to the Appellate Court the judgment of the municipal court was reversed. The cause is here on leave to appeal granted.

Appellant's theory is that an agreement between the parties for the rental of the premises at $125 per month having been reached by correspondence, the lease became effective though it had been signed only by the receiver. Appellee, on the other hand, argues that the most that can be made of the correspondence is an offer to make a lease and an acceptance of such offer, and that as the appellant declared upon the lease, which had not been signed, and not upon a broken promise to make a lease, he is not entitled to recover.

The rule of law, accepted by counsel on both sides of this lawsuit, is, that a contract is ordinarily effected by offer and acceptance, (Restatement of Law of Contracts, p. 27, par. 22,) and that when an offer is made by letter and the offeree posts his acceptance, the contract is complete, notwithstanding a revocation or withdrawal of the offer is

mailed before the letter of acceptance is received. This is the generally accepted rule. (1 Williston on Contracts, (rev. ed.) p. 45; *Haas* v. *Myers,* 111 Ill. 421; *Chytraus* v. *Smith,* 141 id. 231; *Wagner* v. *McClay,* 306 id. 560.) In the last cited case the rule is also announced that a withdrawal of an offer is not effectual until communicated, and an acceptance prior to a communicated withdrawal completes the contract, and so, where an offer is accepted by posting a letter of acceptance before notice of the withdrawal of the offer is received, the contract is completed.

Appellee's counsel agree that such is the rule, but they say appellee, in this case, did not intend to make an offer to lease that should be considered binding before the lease was signed, and that this is shown by the fact that it did not sign the lease forms sent to the receiver but requested the latter so to do and return them. The correspondence in this case shows all the essential provisions of a valid offer to lease and an acceptance thereof. All the terms had been agreed upon by appellant when the offer was made and by appellee when its acceptance was posted, and though it may be said that the instrument mailed to the receiver was but a memorandum intended to serve as a rental contract, yet where such memorandum shows all the essential provisions of a valid lease, and the facts show acceptance thereof, the result is a valid lease. In *Ullsperger* v. *Meyer,* 217 Ill. 262, this court announced a rule that where a party accepts and adopts a written contract, even though it is not signed by him, he is deemed to have assented to its terms and conditions and is bound by them. It is apparent from the correspondence that this is a plain case of an offer to lease the premises and an acceptance of that offer. The term "offer" is used by appellee in its correspondence and nothing appears in the record to indicate it was used in any other than its ordinary sense and meaning.

Cases cited by counsel for appellee are not analogous on the facts and do not assist in the case before us. So

far as we are advised, there is not, in any jurisdiction in this country, a rule contrary to that above stated. In *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209, 39 N. E. 75, where a similar question arose, it was held that it was apparent from the correspondence that the minds of the parties had, by that means, met upon the terms as well as the subject matter of the contract, and that a subsequent failure to sign the contract did not affect the obligations of either party. It was there aptly observed: "Any other rule would always permit a party who has entered into a contract like this, through letters and telegraphic messages, to violate it whenever the understanding was that it should be reduced to another written form, by simply suggesting other additional terms and conditions. If this were the rule the contract would never be completed in cases where, by changes in the market, or other events occurring subsequent to the written negotiations, it became the interest of either party to adopt that correction in order to escape or evade obligations incurred in the ordinary course of commercial business."

The stipulation in this case shows a negotiation instigated by appellee, a submission of an offer by it and with it a renewal lease on a form prepared by it. This can be construed to be but an offer to renew the lease. When the acceptance of that offer was mailed before receiving notice of an intention to withdraw the offer, the contract was closed. It follows, therefore, that the Appellate Court erred in reversing the judgment of the municipal court.

The judgment of that court is reversed and the judgment of the municipal court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*