(No. 30956.—

ELIZABETH MILANKO *et al.,* Appellees, *vs.* ELLEN JENSEN *et al.,* Appellants.

*Opinion filed November 22, 1949.*

 

MEYER & MEYER, of East St. Louis, for appellants.

FRANK MASHAK, of St. Louis, Mo., and DUHADWAY, & SUDDES, of Jerseyville, (CLAUDE J. DAVIS, of counsel,) for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is a suit by the administrator with the will annexed of the estate of Hubert A. Reddish, deceased, Elizabeth Milanko, mother of said deceased, and Clarence G. Reddish, trustee under the last will and testament of Stephen M. Reddish, deceased, to set aside a quitclaim deed executed by Hubert A. Reddish in his lifetime, conveying all his interest in certain real estate involved in the Stephen M. Reddish trust estate to Ellen Jensen. Ellen Jensen was secretary to attorney Milton F. Napier, a defendant to this suit, and title was placed in her name at his suggestion as a matter of convenience, but she took no real interest in the premises in question. From a decree of the Jersey County circuit court setting aside the deed in question a direct appeal was taken to this court, a freehold being involved.

From the pleadings in the case it appears that on July 12, 1941, Hubert A. Reddish executed a quitclaim deed to Ellen Jensen conveying to her several hundred acres of land situated in Jersey County, which deed was duly recorded in said county on November 24, 1941. Hubert A. Reddish died testate July 14, 1944. By his will his entire estate with the exception of two one-dollar bequests was left to his mother, said Elizabeth Milanko. Stephen M. Reddish was the owner of the real estate at the time of his death. The trustee was directed by this will to handle the

real estate to provide an income for the widow, Sarah Reddish, and the two sons of the testator, Clarence G. Reddish and Horace A. Reddish.

The will also provided that after the death of the widow and both of the sons the trust should terminate and the fee to the real estate should vest one half in the surviving children of the son Clarence G. Reddish and one half in the surviving children of the other son, Horace A. Reddish. It further provided that in case of the death of either of the sons, leaving no child or children or descendants of a child or children him surviving, the shares of the respective sons should vest in their respective heirs-at-law them surviving. The widow, Sarah Reddish, died on May 4, 1920. The son Horace A. Reddish died on February 5, 1938. He was the father of Hubert A. Reddish, now deceased, who was the grantor in the deed in question. The other son, Clarence G. Reddish, is still alive and is the trustee under his father's will.

The complaint charged that the quitclaim deed constitutes a cloud on the title of the plaintiffs. It further alleged that the grantee under the deed stood in a fiduciary relation to the grantor, and any interest or benefit she might appear to have was for the sole benefit of the grantor, and that the grantee had no interest in the real estate. A failure of consideration was also alleged. The answer of Ellen Jensen to the complaint asserted that the real estate was being held in trust for the benefit of Milton F. Napier and the heirs-at-law of the grantor, Hubert A. Reddish. The complaint was thereupon amended to include Dorothy Reddish, the divorced wife, and Dorothy Delores Reddish, the daughter of Hubert A. Reddish, and also Milton F. Napier, as parties defendant. The daughter, being a minor, appeared by guardian *ad litem* who filed an answer on her behalf, but Dorothy Reddish made no appearance. Napier adopted the answer of defendant Ellen Jensen, and by stipulation of the parties a letter signed by Napier and

directed to Hubert A. Reddish was made part of the answer.

In his letter Napier recited that Hubert A. Reddish sought to employ him as his attorney in connection with his claims against the Stephen M. Reddish estate, and also in connection with pending litigation against him personally, brought by a firm of attorneys who had represented him in pursuing claims against the same estate. Napier then recounted his understanding of the estate situation and proposed to accept the employment, and to cancel a $500 debt owing to him by Hubert A. Reddish only if Reddish actually executed a deed of the property in which he claimed an interest. The deed, according to the letter, was to convey title to Napier's secretary, Ellen Jensen, who was to hold title for the benefit of both Napier and Hubert in equal shares. If either party should die, the interest of the deceased party was to descend to his heirs. The letter recited that it was being written in triplicate, the original to go to Hubert A. Reddish, one copy for Napier's office file and one copy of which was to be attached to the recorded deed and kept in Napier's office safe, and that the execution of the deed to Miss Jensen would constitute acceptance by Reddish of the terms of the employment. The deed made no reference to the matters set forth in the Napier letter, but conveyed the premises outright without any limitation or qualification, and made no mention that the title was to be held in trust by the grantee. The letter was signed by Napier, but does not bear any signature or endorsement of approval by Hubert A. Reddish.

The answer contains no allegation that the letter was ever delivered to Reddish, or that he had accepted or approved the terms of employment contained in the letter. The answer admits that the interest of defendants in the real estate is founded on the quitclaim deed from Hubert A. Reddish and the letter from Napier addressed to Hubert A. Reddish attached to the answer as Exhibit "A."

It is clear that Ellen Jensen does not have, and does not claim, any personal interest in the real estate covered by the deed to her. If the deed cannot be upheld as to the other defendants it cannot be upheld as to her. The title, only, to the real estate is involved and not the income therefrom.

Plaintiffs made a motion for judgment on the pleadings on the ground that the defendants' answer affirmatively showed that the defendants had no right, title or interest in the real estate, and that the answer and Exhibit "A" constituted an admission that the purported contract alleged by defendants was illegal and void. This motion was set down for argument. After arguments were heard the court announced its decision to allow the motion, and continued the cause to permit a written order to be drawn. The defendants appear to have made no move to amend their answer, and judgment was accordingly entered in favor of the plaintiffs.

The motion for judgment raised the sufficiency of the pleadings, as a matter of law, to entitle the plaintiffs to the relief sought by their complaint and as to whether defendants' answer set up such a defense to the complaint as to entitle defendants to a hearing on the merits. (*Harrison* v. *Kamp*, 395 Ill. 11.) The complaint alleges that the real estate in question is part of the trust estate provided in the last will and testament of Stephen M. Reddish, deceased; that the legal title to the real estate is vested in one of plaintiffs, as trustee; that by the terms of the will the trust has not terminated; that the quitclaim deed to Ellen Jensen was made and executed by Hubert A. Reddish, now deceased, who was the child of Horace A. Reddish, deceased, a son of the testator. It was further alleged that the trustee was in actual possession of the premises and that defendants had exercised no control over the property or its avails; that the conveyance to defendants was without adequate consideration and was executed

at a time when a fiduciary relation existed between the parties.

To the complaint defendants answered that their interest arose out of the deed and a purported contract whereby the defendant Napier was to receive a one-half interest in the real estate in return for his services as attorney for the grantor, Hubert A. Reddish. The answer does not contain any allegation as to whether the defendant had performed any services for Hubert A. Reddish, or what any services he might have rendered were reasonably worth.

The letter which became a part of the answer was written by Napier and recited what was in his mind and what he thought was in the mind of Hubert A. Reddish and contained the following statement:

"Now, you want me to defend the Young and Austin suit, or to settle or compromise it according to my best judgment, I am to have an absolutely free hand. Also, when the time comes, I am to take what steps I deem necessary, needful or proper with respect to all matters affecting your rights in the Stephen M. Reddish estate or its administration or handling by Clarence G. Reddish. In that regard I am also to have a free hand to institute legal proceedings or to settle or compromise as I deem best. Considering the history of your relations with other counsel in the past, it is absolutely necessary that I have complete and full authority to exercise my best judgment."

The following appears at another place in the letter:

"I retain the right and privilege to retain at my own expense, associate counsel, particularly my office associate, Harvey B. Cox, or any other counsel of my choosing."

As above stated, this letter was not signed by Reddish. There is no averment in the answer that Reddish knew of the letter, that it, or a copy thereof, was delivered to him, or that he agreed to any of the terms mentioned therein. A contract is ordinarily effected by offer and acceptance, (Restatement of Law of Contracts, page 27, par. 22; *Geary*

v. *Great Atlantic and Pacific Tea Co.* 366 Ill. 625,) and there can be no contract without an offer and acceptance. *Dick* v. *Halun,* 344 Ill. 163.

The fact that the letter stated that the signing of the deed by Reddish would constitute full and complete acceptance of the terms therein mentioned and that he did sign the deed is not sufficient to establish that he signed the deed with knowledge of what the letter contained and there are no averments in the answer charging that he had such knowledge. The bare fact that he signed the deed coupled with the fact that the letter stated that his signing the deed would constitute his acceptance of the terms mentioned in the letter are not sufficient to show that he knew what was in the letter.

The answer based upon the alleged agreement as established by the letter in question is insufficient for the further reason that it takes from the litigant all right to compromise or settle any of the suits or proceedings therein mentioned or any other suit which might be filed in the future concerning the Stephen M. Reddish estate or its administration. We have held in *North Chicago Street Railroad Co.* v. *Ackley,* 171 Ill. 100, that a contract which takes from the litigant the right to compromise or settle his claim is void. We there said: "Any contract whereby a client is prevented from settling or discontinuing his suit is void, as such agreement would foster. and encourage litigation. *Lewis* v. *Lewis,* 15 Ohio, 715; *Elwood* v. *Wilson,* 21 Iowa, 523; *Foster* v. *Jacks,* 4 Wall. 334; Greenhood on Public Policy, 474; *Boardman* v. *Thompson,* 25 Iowa, 487; *Huber* v. *Johnson,* (Minn.) 70 N.W. Rep. 805."

With his petition for rehearing Napier has an alternative motion for leave to amend his answer in the event this court adheres to its original opinion handed down at the May, 1949, term, to the effect that he was Hubert's attorney when the deed in question was executed, etc. As we are not adhering to our original opinion in that regard, the

motion is without purpose and need be neither allowed nor denied. Neither will it be necessary for us to pass upon other points raised by the parties.

The quitclaim deed from Hubert A. Reddish to Ellen Jensen was not effective to convey any interest in the real estate. The circuit court did not err in ordering the deed to be set aside as a cloud on the title of the appellees. The decree of the circuit court of Jersey County is affirmed.

*Decree affirmed.*