ROBERT SCUTT *et al.*, Plaintiffs-Appellants, *v.* LA SALLE COUNTY BOARD *et al.*, Defendants-Appellees.

Third District    No. 80-437

Opinion filed June 17, 1981.

Eric B. Deobler, of Peter F. Ferracuti & Associates, of Ottawa, for appellants.

Gary L. Peterlin, State's Attorney, of Ottawa (James A. Lanuti, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs Robert Scutt, Edward R. Adams, Allan Mertz, John Rudnicky, Al Adamcyk, and Roger Urban are sheriff's deputies who filed a complaint alleging breach of an oral employment contract by defendant La Salle County Board, and its agents, defendants Ben Samek, James Callahan, and John Duffy. After defendants moved to strike and dismiss the complaint alleging their immunity from suit and the absence of a cause of action, the circuit court of La Salle County, after considering an amended pleading, dismissed the cause. Plaintiffs then filed a motion to vacate the order of dismissal and a second amended complaint. This appeal is from the trial court's denial of the motion to vacate.

■■ As the order of dismissal was entered upon allowance of defendants' motion, all facts properly pleaded in the complaint must be taken as true. (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375 N.E.2d 1280.) While plaintiffs' second amended complaint was apparently never formally filed, the trial court stated it had considered the "amended complaints," and this third pleading primarily expands upon the same factual base presented in its predecessors. Under these circumstances, and as the second amended complaint has been included in the record on appeal without objection, we shall consider its well-pleaded allegations as true.

On and before December 1, 1978, plaintiffs were employed as deputies by the La Salle County sheriff's department. Their specific status was that of "deputies on probation," and they anticipated being promoted to "deputy/patrolmen." The former officers were paid $10,500; the latter, $12,200.

Prior to the above date, defendant Callahan, then sheriff of La Salle County, announced that $1,000 raises would be granted to all deputies in his department. On December 1, 1978, "deputies on probation" began receiving a salary of $11,500 per year; "deputy/patrolmen," $13,200 per year. As the plaintiff "deputies on probation" were promoted, they were not compensated at the new salary; rather, they received $12,200 per year. This was the annual compensation paid to "deputy/patrolmen" prior to December 1, 1978.

Two questions are presented for our review. Did the trial court err in ruling defendants were immune from suit? Did the court err in ruling the complaints failed to state a cause of action?

■■ Turning first to the question of immunity, both sides agree that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 1—101 *et seq.*) governs this issue. While the Act provides a local public entity is not liable for an injury caused by

an employee's oral promise or misrepresentation (Ill. Rev. Stat. 1977, ch. 83, par. 2—106), as well as providing a public employee is not liable for an act or omission in determining policy (Ill. Rev. Stat. 1977, ch. 85, par. 2—201), these provisions are not determinative of the issue at bar. Count I of the plaintiffs' second amended complaint requests money damages and sounds in contract, while count II requests money damages and injunctive relief alleging a denial of due process and equal protection. The Act provides:

> "Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this act affects the liability, if any, of a local public entity or public employee, based on:
>
> a) contract;
>
>        * * * ."

(Ill. Rev. Stat. 1977, ch. 85, par. 2—101.).
As the alleged liability of defendants is based on contract in count I of the complaint, and relief other than damages is sought in count II, we find the trial court erred in holding defendants immune from this action, except as to the money damages sought in count II.

Turning next to the question of the existence of a cause of action, we shall consider each of the complaint's two counts.

Count I alleges the execution of an oral employment contract between defendant La Salle County Board and the plaintiff deputies. This contract allegedly arose as a result of an announcement that all deputies would receive a $1,000 raise. Breach of the alleged contract allegedly occurred when certain deputies were not compensated at the rate of $13,200 per year. The fact that an initial $1,000 raise, from $10,500 per year to $11,500 per year, was received by these plaintiffs is not contested.

We initially note the words of our supreme court over a century ago:

> "The general rules which govern in ordinary cases of contract for work and labor, are simple and easily understood, but often difficult in their practical application to many of the cases which arise in the country, and are constantly presented in our Courts for adjudication. The loose manner in which parties frequently express themselves in making verbal agreements, and not unfrequently when the contracts are in writing, often obscures the intention, and necessarily involves the proper construction to be given to them by Courts and juries, in much doubt and perplexity. The main object to be arrived at, is the intention of the parties, and effect is always to be given to that intention, whenever it can be done without doing violence to the plain and obvious meaning and import of the language employed by the parties themselves, in making the agreement." (*Eldridge v. Rowe* (1845), 7 Ill. (2 Gilm.) 91, 95-96.)

In the case at bar, our object is thus to arrive at the intentions of the parties considering the language employed. At the outset, we observe that the only matter to which the parties address themselves is that of an increase in the compensation of present employees. The import of our observation is that we are dealing with a single term rather than with a set of terms. It is uncontroverted that an employer-employee relationship is present. Such a relationship rests upon the contract of the parties. (*People v. Chicago, Milwaukee & St. Paul Ry. Co.* (1923), 306 Ill. 486, 138 N.E. 155.) "The definition of 'employee' in the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 84, par. 138.1 *et seq.*) makes it clear that the basis of the relationship is a 'contract for hire, express or implied, oral or written, * * *.' [Citation.]" (*McHugh-Brighton v. Industrial Com.* (1969), 42 Ill. 2d 52, 56, 245 N.E.2d 480, 482.) Thus, there is a contract between the parties based on their relationship.

If there had been no announcement regarding compensation, no question would here arise. Ignoring, for the moment, the durational term involved, we note the words of our supreme court:

"The rule undoubtedly is, that if one person employ another at an agreed price for a time certain, and the employment is continued after the expiration of the time agreed upon without any new agreement as to price, the presumption is that the parties understood that the original rate of compensation is also to be continued; and it can make no difference that there may be some change in the services required and performed, as, that there be an increase or diminution of the labor, so long as it is clearly within the scope of the original employment. The reason is, that if the employe remains in the same employment, after his term of service has expired, without making demand for increased pay, the employer may well presume that no increased compensation is expected or will be required, and having acted upon that presumption, and failed to protect himself by a new contract, the employe will be held to have assented to a performance of the service at the original price. The rights of the employe and employer are mutual and reciprocal. So where the employer permits a continuation of the service after the term has expired, without a new stipulation as to the price, it will be presumed that he expected and intended to pay for the service the original compensation stipulated. In such case, the recovery will not be upon the *quantum meruit*, but upon the contract implied by law, and for the compensation presumed to have been fixed by the parties. Wallace v. Floyd, 5 Casey, 184; Ranck v. Albright, 36 Pa. St. 367; N. H. Iron Factory Co. v. Richardson, 5 N. H. 295; Grover & Baker S. M. Co. v. Bulkley, 48 Ill.

189." (*Ingalls v. Allen* (1890), 132 Ill. 170, 173-74, 23 N.E. 1026, 1027.)

Considering the above principles, it can be seen that the question is not whether the parties entered into a contract; rather, the question is whether that contract has been modified.

The modification of a contract by subsequent agreement is subject to the rules governing all contracts. (See 12 Ill. L. & Prac. *Contracts* §321 (1955).) Bearing this in mind, we consider the elements of a contract:

> "A contract, by ancient definition, is 'an agreement between competent parties, upon a consideration sufficient in law, to do or not to do a particular thing.' People v. Dummer (1916), 274 Ill. 637, 640.
>
> An offer, an acceptance (Milanko v. Jensen (1949), 404 Ill. 261, 266; Geary v. Great Atlantic & Pacific Tea Co. (1937), 366 Ill. 625, 627; Dick v. Halun (1931), 344 Ill. 163, 165-66; Restatement (Second) of Contracts secs. 19, 22 (Tent. Draft No. 1, 1964)), and consideration (Moehling v. W.E. O'Neil Construction Co. (1960), 20 Ill. 2d 255, 265; Green v. Ashland Sixty-Third State Bank (1931), 346 Ill. 174, 178) are basic ingredients of a contract. * * *." *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329, 371 N.E.2d 634, 639.

■■ Under the pleadings at bar, the announcement that all deputies would receive a $1,000 raise constituted an offer to work for the revised wage. While plaintiffs did not verbally assent to this modification, such a verbal acceptance was unnecessary. As noted by the court in *Carter v. Kaskaskia Community Action Agency* (1974), 24 Ill. App. 3d 1056, 1059, 322 N.E.2d 574, 576:

> "The question then becomes whether the plaintiff assented to the proposed modification. It has been determined that, when the term of employment is at the will of the parties, continuing to work not only constitutes assent but also consideration for any modification of the original contract. (Gishen v. Dura Corporation (Mass. 1972), 285 N.E.2d 117; Robinson v. Phillips Petroleum Co. (1936), 175 Okla. 640, 54 P.2d 322; Trainer v. Laird (1936), 320 Pa. 414, 183 A. 40). Thus, it appears that the plaintiff not only assented to a modification of his contract, but he provided sufficient consideration for that modification, thus creating mutuality of obligation."

As no period of duration was specified, the term of employment at bar was likewise at the will of the parties. (*E.g., Mann v. Ben Tire Distributors, Ltd.* (1980), 89 Ill. App. 3d 695, 411 N.E.2d 1235; *Sargent v. Illinois Institute of Technology* (1979), 78 Ill. App. 3d 117, 397 N.E.2d 443; *Atwood v. Curtiss Candy Co.* (1959), 22 Ill. App. 2d 369, 161 N.E.2d 355,

*appeal denied* (1960), 18 Ill. 2d 627.) The employment contract was therefore modified.

■■ Having determined that an employment contract existed between the parties and that said contract was modified, we now turn to the question of whether count I of the complaint stated a cause of action. Considering the well-pleaded facts as true, plaintiffs' modified employment contract entitled them to a $1,000 raise. Subsequent to the announcement of this raise, plaintiffs' salaries were increased from $10,500 per year to $11,500 per year. As each of the plaintiffs was promoted to a "deputy/patrolman," his salary was once again increased to $12,200 per year. Plaintiffs thus not only received the promised raise but a subsequent raise as well. As the facts are pleaded, the modified contract was not breached, and therefore no cause of action has been stated.

Plaintiffs argue that defendants were contractually obligated to raise the remuneration of all "deputy/patrolmen" to $13,200. Our review of the record reveals no promise to do so. If the announcement promulgated such a policy, plaintiffs have failed to reflect this in any of their three complaints. The trial court therefore correctly held that count I of the cause at bar failed to state a cause of action.

Count II of the complaint alleges that plaintiffs were denied their right to due process and equal protection by virtue of the fact they were not paid the $13,200 per year while other "deputy/patrolmen" were so compensated. Plaintiffs request both money damages and an injunction to compel the continuing payment of the higher salary.

■■ Both the fourteenth amendment to the United States Constitution and section 2 of article I of the Illinois Constitution speak of deprivation of life, liberty, and property without due process, and equal protection of the laws. Under the settled law in this State, a public employee has no property interest in the continuation of any specific rate or method of compensation. (*E.g., Chicago Patrolmen's Association v. City of Chicago* (1974), 56 Ill. 2d 503, 309 N.E.2d 3, *cert. denied* (1974), 419 U.S 839, 42 L. Ed. 2d 66, 95 S. Ct. 68.) Furthermore, a public employee has no constitutional right to such employment, although he may not be arbitrarily barred or removed and abandons no constitutionally protected right as a function of his employment. (*Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 317.) With no constitutional right to employment nor property interest in the continuation of a rate of compensation, we find no due process denial here present.

■■ To succeed with an argument based upon the equal protection of the laws, a party must show that he has been discriminated against by the statute or action about which he complains. (*People ex rel. Jones v. Adams* (1976), 40 Ill. App. 3d 189, 350 N.E.2d 767, *appeal denied* (1976), 64 Ill. 2d 598.) While plaintiffs raise no statute as discriminatory, they so

characterize being paid less than "deputy/patrolmen" with greater experience and seniority. While the degree of such experience and seniority may be slight, so is the difference in compensation. In a *mandamus* action not involving a constitutional question, employees were paid the same salary regardless of whether they worked 35 or 40 hours per week. It was held that the disparity did not violate a statutory duty to provide uniformity in compensation and title. (*People ex rel. Council 19 v. Egan* (1977), 52 Ill. App. 3d 1042, 368 N.E.2d 481, *appeal denied* (1978), 67 Ill. 2d 595.) The employees in *Egan* worked 40 hour weeks, receiving 87% of the hourly wages of those who worked 35 hour weeks, and this was considered uniform pay. In the case at bar, plaintiffs received 92% of the salary of the "deputy/patrolmen" with more seniority and experience. We do not find this to be the "invidious discrimination" (*Doolin v. Korshak* (1968), 39 Ill. 2d 521, 527, 236 N.E.2d 897, 901, *appeal dismissed* (1968), 393 U.S. 127, 21 L. Ed. 2d 251, 89 S. Ct. 296) to which equal protection is addressed.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.