**HIGHWAY EQUIPMENT COMPANY, Plaintiff,**

v.

**CATERPILLAR, INC., Defendant.**

No. C-1-85-0786.

United States District Court,
S.D. Ohio, W.D.

Feb. 27, 1989.

Charles Atkins and Charles Heyd, Cincinnati, Ohio, for plaintiff.

William O'Brien, Washington, D.C. and David Barth, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendant's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment (doc. no. 107), plaintiff's opposing memorandum (doc. no. 114), and defendant's reply (doc. no. 123).

### Factual and Procedural Background

The pertinent facts are contained in this Court's Order of June 12, 1985 (doc. no. 52). Plaintiff asserts the following claims based on an alleged unlawful termination of a sales and service agreement between the parties: (1) breach of contract; (2) promissory estoppel; (3) waiver, modification and estoppel; and (4) breach of the duty of good faith. In its memorandum in opposition to defendant's motion, plaintiff also presents claims of fraud in the inducement and breach of fiduciary obligation.

### Summary Judgment Standard

Pursuant to Fed.R.Civ.P. 12(c), a motion for judgment on the pleadings shall be treated as one for summary judgment if matters outside the pleadings are presented to and not excluded by the Court. Because defendant has submitted matters outside the pleadings in support of its motion, the motion shall be treated as one for summary judgment.

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any "which demonstrate the absence of any genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (*citing Cities Service*, 391 U.S. at 288–289, 88 S.Ct. at 1592–1593). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967), or is not significantly probative, *Cities Service*, 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### Breach of Contract and Covenant of Good Faith

Plaintiff alleges that defendant breached the contract between the parties by terminating it without good cause. Although the contract contains an express provision that either party may terminate the contract "with or without cause" upon ninety days notice, plaintiff contends that the covenant of good faith and fair dealing implied in every contract under Illinois law overrides this express provision and imposes a requirement that the contract be terminat-

ed only with good cause. Defendant disagrees and contends that no Illinois court has held that the covenant of good faith and fair dealing requires good cause for termination of a contract containing an express "without cause" provision.

The Illinois appellate courts have held that a covenant of good faith and fair dealing is implied in every contract absent express disavowal. *Foster Enterprises v. Germania Federal Sav.*, 97 Ill.App.3d 22, 52 Ill.Dec. 303, 307, 421 N.E.2d 1375, 1380 (1981); *Dayan v. McDonald's Corp.*, 125 Ill.App.3d 972, 81 Ill.Dec. 156, 169, 466 N.E.2d 958, 971 (1984). With respect to contracts covered by the Illinois Uniform Commercial Code (U.C.C.), the Code provides that:

> The obligations of good faith, diligence, reasonableness and care prescribed by this Act may not be disclaimed by agreement but the parties may by agreement determine the standards by which the performance of such obligations is to be measured if such standards are not manifestly unreasonable. Ill.Stat.Ann. Ch. 26, ¶ 1–102(3) (Smith–Hurd 1988).[1]

The comment to ¶ 1–203 notes that the court in *Foster* failed to acknowledge that under ¶ 1–102(3), the obligation of good faith cannot be disclaimed in transactions subject to the Code.

Assuming, *arguendo*, that the parties' contract falls under the U.C.C. and that they could not disclaim the obligation of good faith, the question becomes whether a "without cause" termination provision violates the covenant of good faith and fair dealing. In support of its contention that the implied covenant of good faith requires good cause for termination of a contract, plaintiff relies on *Dayan*, 81 Ill.Dec. at 156, 466 N.E.2d at 958. The appellate court in *Dayan* determined that a franchisor may not terminate a franchise agreement unless good cause exists. *Id.*, 81 Ill.Dec. at 171, 466 N.E.2d at 973. The court defined good cause as a failure to substantially comply with obligations under a contract, a deter-

mination that centers on commercial responsibility. *Id.* The franchise agreement in *Dayan* involved specific default provisions and gave the franchisor the right to terminate the agreement if the franchisee failed to comply with its terms and remedy his default within a specified period of time. *Id.* 81 Ill. Dec. at 161–62, 466 N.E.2d at 963–64. The agreement in *Dayan* apparently did not expressly state that the franchisor could terminate the agreement with or without cause.

It has been held subsequent to *Dayan* that the holding therein is limited to those cases where the contract in issue contains no express provision for termination without cause. *Tulsa Trailer Body v. Trailmobile, et al.*, 1986 Bus. Franchise Guide (CCH) ¶ 1815 at 16,527 (N.D.Okla.1986). Where a contract does include an express "no cause" provision, Illinois law does not impose a "good cause" requirement. *Id.* In such a case, the parties have no expectation that if the terms of the contract are satisfied, the contract will not be terminated. *Id.* Therefore, the implied covenant of good faith need not be applied to protect such expectation interest. *Id.* *C.F. Zick v. Verson Allsteel Press Co.*, 623 F.Supp. 927, 931 (N.D.Ill.1985), *aff'd without op.*, 819 F.2d 1143 (1987) (covenant of good faith does not limit an employer's right to terminate at-will employment contract since employee has no reasonable expectation that he will be terminated only for cause).

Upon consideration of these authorities, the Court finds that the implied covenant of good faith and fair dealing does not impose a "good cause" termination requirement on a contract expressly allowing for termination without cause. The parties have not cited any Illinois cases that hold a "good cause" requirement must be applied in such a case. The cases cited above support a contrary conclusion. Therefore, plaintiff's contention that the implied covenant of good faith and fair dealing overrides the express "with or without cause" termination provision in the parties' con-

---

1. Defendant does not dispute plaintiff's contention that the Illinois Uniform Commercial Code applies to the contract between the parties.

tract and imposes a "good cause" termination requirement is not well-taken.

■ Plaintiff alleges that even if defendant had the contractual power to terminate the contract without cause, it violated Illinois law by failing to exercise its discretionary power in a good faith manner. Plaintiff contends that defendant did not act in good faith because it terminated the contract with an improper motive and for no valid reason.

The doctrine of good faith is a tool of construction used in ascertaining the intent of parties to a contract. *Martin v. Federal Life Ins. Co.*, 109 Ill.App.3d 596, 65 Ill.Dec. 143, 149, 440 N.E.2d 998, 1005 (1982). It is generally invoked in situations where one party to a contract is given broad discretion in the performance thereof. *Dayan*, 81 Ill.Dec. at 169, 466 N.E.2d at 971. Because the dependent party must rely on the party in control to exercise its discretion fairly, the latter party must exercise same reasonably and with a proper motive, and not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties. *Id.* 81 Ill.Dec. at 168, 466 N.E.2d at 972.

The contract in issue gave either party the unbridled discretion to terminate the contract for any reason or for no reason. Thus, although the parties were bound to perform their obligations under the contract reasonably and with a proper motive, they were not bound to continue to perform the contract if either party chose not to do so, no matter what the reason or motive underlying that choice. In view of the unlimited discretion to terminate the contract vested in the parties, the covenant of good faith need not be applied to protect an expectation interest, based on the express terms of the contract, that the contract would be terminated only for good cause.

■ In arguing that defendant could not terminate the contract without a valid reason and proper motive, a requirement that the contract did not impose, plaintiff is attempting to base a cause of action on the covenant of good faith apart from the contract itself. Neither Ohio nor Illinois recognizes a general tort of bad faith. *Martin*, 65 Ill.Dec. at 150, 440 N.E.2d at 1006; *Gordon v. Matthew Bender Co., Inc.*, 562 F.Supp. 1286, 1289 (N.D.Ill.1983); *Battista v. Lebanon Trotting Assn.*, 538 F.2d 111, 118 (6th Cir.1976).[2] The Court in *Martin* cautioned that "care must be taken to prevent the transmutation of every breach of contract into an independent tort action through the bootstrapping of the general contract principle of good faith and fair dealing." *Id.* 65 Ill.Dec. at 150, 440 N.E.2d at 1006. Thus, plaintiff cannot obtain relief on the ground that defendant violated a duty of good faith by failing to perform an obligation that the contract did not impose; i.e., an obligation to continue performing the contract unless objectively valid reasons and motives for terminating it existed.

Plaintiff also claims that the "without cause" termination provision is unconscionable and should be declared void as against public policy. Ill.Rev.Stat. Ch. 26, ¶ 2–302 provides:

(1) If the court as a matter of law find that the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid an unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its com-

---

**2.** The Illinois courts have recognized a cause of action for bad faith dealing in the areas of insurance law and employment-at-will. *Ledingham v. Blue Cross Plan for Hospital Service Corp.*, 29 Ill.App.3d 339, 330 N.E.2d 540 (1975), *reversed on other grounds*, 64 Ill.2d 338, 1 Ill. Dec. 75, 356 N.E.2d 75 (1976); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d

353 (1978). However, the holdings in *Ledingham* and *Kelsay* have been limited to these specific areas. *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1348 n. 19 (7th Cir.1983); *Dayan*, 81 Ill.Dec. at 171, 466 N.E.2d at 973; *Martin*, 65 Ill. Dec. at 149, 440 N.E.2d at 1005.

mercial setting, purpose and effect to aid the court in making the determination.

■ The test of unconscionability is overreaching by a contracting party in an unfairly superior bargaining position. *Am. Food Mgmt., Inc. v. Henson*, 105 Ill.App.3d 141, 61 Ill.Dec. 122, 125, 434 N.E.2d 59, 63 (1982).

■ Plaintiff is not foreclosed from establishing that in light of the circumstances surrounding the execution of the contract between the parties, the "without cause" provision is unconscionable and should be declared void. Because resolution of this issue hinges on disputed factual questions, and because plaintiff may be able to establish its breach of contract claim in the absence of such provision, summary judgment on plaintiff's breach of contract claim is not appropriate.

### Promissory Estoppel

Plaintiff claims that it acted in reliance on a representation by defendant that defendant had a policy of not cancelling contracts without cause, so as to entitle plaintiff to recover damages under the doctrine of promissory estoppel. Defendant contends that plaintiff's promissory estoppel claim must fail since the essential elements of such a claim are lacking in this case. Defendant further asserts that because the contract in issue is unambiguous, parol evidence is inadmissible to establish plaintiff's promissory estoppel claim.

■ Under both Illinois and Ohio law, a cause of action for promissory estoppel is barred where the contract in issue contains no ambiguities. *Erectors, Inc. v. Dellagnese Const. Co.*, No. 12461, slip op. (Ohio Ct.App. Aug. 13, 1986) [1986 WL 8899]; *St. Joseph Data Service v. Thomas Jefferson Life Insurance Co.*, 73 Ill.App.3d 935, 30 Ill.Dec. 575, 581–82, 393 N.E.2d 611, 617–18 (1979). It is the function of the trial court to determine whether a contract is ambiguous as a matter of law. *Sunstream Jet Express v. International Air Service Co.*, 734 F.2d 1258, 1266 (7th Cir.1984). An ambiguous contract is one that is capable of being understood in more senses than one in that the language used is reasonably and fairly susceptible of more than one meaning. *Id.* at 1269. If the meaning of the contract is not uncertain, it is the province of the trial court to determine the legal effect of the contract. *Id.* at 1270.

■ The parties will have an opportunity at trial to present evidence concerning whether the contract in issue is ambiguous. If the Court determines at that time that the contract is unambiguous, plaintiff will be barred from presenting parol evidence that contradicts the plain meaning of the contract term in question. If the Court determines that the contract is ambiguous, then plaintiff may prevail on its promissory estoppel claim by establishing that it reasonably relied on a definite promise by defendant to the effect that it would not terminate the contract without cause, and that enforcement of such promise is required by justice. *See Talley v. Teamsters, Chauffeurs Warehousemen & Helpers*, 48 Ohio St.2d 142, 357 N.E.2d 44, 47 (1976); *Lawrence v. Bd. of Educ. of Sch. Dist. 189*, 152 Ill.App.3d 187, 105 Ill.Dec. 195, 204, 503 N.E.2d 1201, 1210 (1987). Because the factual issues underlying resolution of plaintiff's promissory estoppel claim are disputed, summary judgment on this claim is not appropriate.

### Waiver, Modification and Estoppel

Plaintiff claims that defendant's actions throughout its course of dealing with plaintiff constituted a modification or waiver of any right to terminate the contract without cause and that defendant is estopped from asserting such right.

■ A modification in a contract is a change in one or more respects which introduces new elements into the details of a contract and cancels others while leaving the general purpose and effect of the contract intact. *Chicago Coll. of Osterpathic Med. v. George A. Fuller Co.*, 776 F.2d 198, 208 (7th Cir.1985) (citing *Hartwig Transit, Inc. v. Menalascino*, 113 Ill.App.3d 165, 170, 68 Ill.Dec. 796, 800, 446 N.E.2d 1193, 1197 (1983)). The essential elements of a contract modification are offer, acceptance and consideration. *Id.* (citing *Scutt v. LaSalle County Board*, 97 Ill.App.3d 181, 185, 53 Ill.Dec. 21, 24–25, 423 N.E.2d

213, 216–17 (1981)). The party asserting the existence of an oral agreement to modify a contract has the burden of proving the terms of the oral agreement. *Estate of Kern,* 142 Ill.App.3d 506, 96 Ill.Dec. 815, 820, 491 N.E.2d 1275, 1280 (1986). To be enforceable, the terms of the oral agreement must be definite and certain. *Id.*

A waiver is an intentional abandonment or relinquishment of a known right. *Washburn v. Union Nat. Bank and Trust Co.,* 151 Ill.App.3d 21, 104 Ill.Dec. 242, 245, 502 N.E.2d 739, 742 (1986). To establish an implied waiver, there must be a clear, unequivocal and decisive act of a party showing such a purpose. *Id.* 104 Ill.Dec. at 245, 502 N.E.2d at 742. Inaction alone does not establish a waiver. *Id.* Consideration is not necessary to support a waiver of a contract provision. *Kurti v. Fox Valley Radiologists, Ltd.,* 124 Ill.App.3d 933, 80 Ill.Dec. 236, 242, 464 N.E.2d 1219, 1225 (1984).

Whether the contract between the parties was modified subsequent to its formation and whether defendant waived its right to terminate the contract without cause hinges on several disputed factual issues, so that summary judgment on these claims is not warranted. Defendant is not estopped from asserting as a defense to plaintiff's claims that it was entitled to terminate the contract without cause.

### Fraud in the Inducement

Plaintiff alleges that defendant induced it to enter the contract by fraudulently representing that it was not defendant's practice and policy to terminate franchises without cause. Defendant concedes that parol evidence is admissible to demonstrate that a written contract was induced by fraud and is therefore invalid. *Wilsmann v. Stearns,* 664 F.Supp. 386, 389 (N.D.Ill.1987). However, defendant contends that plaintiff is challenging the "without cause" provision, rather than the validity of the contract itself, and that its claim of fraud in the inducement is barred by plaintiff's failure to properly plead this claim.

Plaintiff is not precluded from presenting evidence at trial that it was fraudulently induced to enter the contract. If the evidence at trial supports a claim of fraud in the inducement, the Court in accordance with Rule 15(b) of the Federal Rules of Civil Procedure will allow a motion to conform the pleadings to the evidence presented.

### Fiduciary Relationship

Plaintiff alleges that by terminating the contract, defendant breached a fiduciary duty to plaintiff. Defendant alleges that the contract did not create a fiduciary relationship. Pursuant to the authorities cited by the parties, a fiduciary relationship may exist where an individual or entity has reposed trust in another, who in turn exercised superiority and control over that individual or entity. *Kurti,* 80 Ill.Dec. at 240, 464 N.E.2d at 1223. Full development of the facts is necessary in order for the Court to determine whether a fiduciary relationship existed between the parties. Therefore, summary judgment on this issue is not appropriate.

### Conclusion

It is therefore ORDERED that defendant's motion for summary judgment be GRANTED with respect to count five of the complaint insofar as plaintiff alleges an independent cause of action based on breach of the covenant of good faith and fair dealing. Defendant's motion is hereby DENIED as to plaintiff's remaining claims.

IT IS SO ORDERED.