STATE LIFE INSURANCE COMPANY, APPELLEE, v. JAMES I. LEE, APPELLANT.

272 N. W. 767

FILED APRIL 23, 1937. No. 29979.

*Carrico & Carrico,* for appellant.

*Ginsburg & Ginsburg* and *Carl E. Peterson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

GOSS, C. J.

Defendant appeals from an order denying a further moratorium stay and confirming sheriff's sale in a mortgage foreclosure.

The land involved consists of 640 acres less what is taken out of it by a highway traversing the farm. Approximately half of it is tillable and half pasture land.

Plaintiff's decree, entered November 28, 1932, was for $9,748.58, bearing 10 per cent. interest from that date. Federal Trust Company had foreclosed (on interest coupons

paid by it) subject to plaintiff's mortgage and had a second lien bearing the same rate of interest. Plaintiff bid in the property at sheriff's sale on October 31, 1933, for $10,718. At the time of confirmation, March 23, 1936, plaintiff, with the approval of the court, increased its bid to $13,072.60, which covered its entire lien, interest and costs, but not the second lien of Federal Trust Company, which amounted to approximately $1,250. Even then the court gave defendant 30 days to get an increased bid of $300, and on May 25, 1936, found that he had failed to get such a bid, and the order then became absolute.

Without taking space to analyze the evidence, it shows that the liens amount to a total of approximately $16,000 and no competent testimony as to the actual value of the land places it that high.

"Defendant in a foreclosure action is not entitled to the benefit of the moratory statute where the mortgage lien equals or exceeds the actual value of the mortgaged premises, and where the premises are sold under decree for the full amount of the mortgage lien, interest and costs." *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132.

The judgment is

AFFIRMED.