Edith Otter Lewis, Appellant, v. T. C. Hill, Individually and as Executor of the Last Will and Testament of Sarah E. Collins, Deceased, et al., Appellees.

Gen. No. 9,362.

Opinion filed February 24, 1943.

S. S. DuHamel, of Springfield, for appellant.

Nichols & Jones, of Tuscola, for appellees.

Mr. Justice Hayes delivered the opinion of the court.

Sarah E. Collins in her last will and testament executed December 12, 1935 devised certain real estate in the village of Atwood, Illinois to plaintiff Edith

Otter Lewis. On April 4, 1940 Sarah E. Collins was adjudged incompetent and defendant T. C. Hill was appointed her conservator. In his inventory he reported household furnishings, certain real estate, including the property at Atwood, and $1,152.07 cash on hand as belonging to his ward. On October 28, 1940 he filed a petition to sell the Atwood property in the county court of Douglas county alleging that his ward was residing in a home for the aged at a cost of $50 per month, that she was 91 years of age, and she had $660.56 cash on hand and that the property to be sold was worth from $1,000 to $1,200. The county court ordered the sale and the property was thereafter sold for $964.

Sarah E. Collins died March 16, 1941 and her last will and testament was admitted to probate by the county court of Douglas county on April 28, 1941. Hill was appointed executor, and filed his report as conservator showing a balance on hand of $1,752.40 which he receipted for as executor.

Plaintiff Edith Otter Lewis commenced these proceedings in the circuit court of Douglas county, setting forth in her complaint the facts as outlined above and prayed that an order be entered finding that the sale of the Atwood property did not adeem the specific devise of that property to her and that Hill be ordered to pay her the sum of $964, the sale price of the property. Hill, and the residuary legatee under the will who were made defendants, filed a motion to dismiss the complaint alleging among other things that the circuit court had no jurisdiction of the proceedings and that the devise to plaintiff was adeemed by the sale of the property by the conservator. The circuit court of Douglas county dismissed the complaint for want of equity and plaintiff has appealed to this court.

In support of her argument that the circuit court of Douglas county had jurisdiction to hear this matter, plaintiff pointed out that in effect she is attempting

to impress a trust upon the proceeds of the sale of the Atwood property now in the hands of Hill as executor of the estate of Sarah E. Collins to prevent their distribution to the residuary legatee. She therefore contends that the circuit court under its plenary jurisdiction of trust matters had jurisdiction here. Defendant contends that the controversy here is merely over the distribution of the assets in the estate and that as such it is properly cognizable only by the county court of Douglas county under its statutory probate jurisdiction.

We believe that this action was properly brought in the circuit court. The property devised to plaintiff in the will of Sarah E. Collins was not owned by the testator at the time of her death. In order to prevail therefore plaintiff must trace the proceeds therefrom into the hands of the executor and by some equitable doctrine establish her rights to them. We believe that by attempting to impress these funds with a trust, plaintiff has brought the controversy within the equitable jurisdiction of the circuit court although we do not decide that had the action been brought in the county court that court would not have had jurisdiction to hear the matter by virtue of its probate jurisdiction.

It is conceded by all, that the proceeds from the sale of the Atwood property remained in the hands of the conservator at the time of Sarah E. Collins' death. Thus the only remaining question is whether the sale by the conservator adeemed the devise to plaintiff. This question apparently has not been passed upon by the courts of this State and the decisions elsewhere are in conflict. The English cases prior to the Lunacy Act of 1890 which settled the matter by statute hold that an ademption took place. See 30 A. L. R. 676. The courts of Pennsylvania and New York have reached a similar result. *In re Ireland's Estate,* 257 N. Y. 155; *Hoke v. Herman,* 21 Pa. 301. On the other

hand a Federal court in a case arising in Illinois and the courts of New Jersey and Missouri have held that no ademption occurs. *Wilmerton v. Wilmerton,* 176 Fed. 896; *In re Estate of Cooper,* 95 N. J. Eq. 210, 123 A. 45; *Lamkin v. Kaiser,* (Mo. App.), 256 S. W. 558; *National Board v. Fry,* 293 Mo. 399, 239 S. W. 519.

While there are variations among the facts in these cases this significant difference between the two lines of authorities must be noted. Those cases following the old English rule hold that where property the subject of a specific legacy or devise is not in existence at the time of the testator's death an ademption takes place even though the property was disposed of, not by the voluntary act of the testator but by the conservator during the testator's incompetency. The cases reaching an opposite result consider not only the change in the nature of the property but also the probable intent of the testator and hold that where the proceeds of the sale of such property have not been used for the support of the testator the sale by the conservator during the incompetency of his ward is involuntary and to the extent that the funds can be traced, they retain the original character of the property sold and pass to the specific legatee or devisee.

We believe that on the facts of this case, plaintiff is entitled to prevail. None of the funds received from the sale of the Atwood property were used for the support of Sarah E. Collins and we do not believe that the mere fact that there has been a conversion from real estate to personalty which did not benefit the testator should defeat her intention expressed in her will. Nor do we believe that a conservator of an insane person should be permitted to revoke the express provisions of a testator's will made at the time the testator had mental capacity to make the same. Such a conversion has been held insufficient to defeat a contrary expressed intention of the testator where the sale was made by the testator himself.

*Adams v. Peabody Coal Co.*, 230 Ill. 469; *Heirs of Wright v. Minshall*, 72 Ill. 584. Because the funds from the sale of the Atwood property can be traced and because it is clear that no part of them were used for the benefit of Sarah E. Collins, we hold that they are impressed with a trust in the hands of the executor and upon distribution of the estate should be paid to plaintiff under the provisions of the will of Sarah E. Collins.

For the reasons herein stated the judgment of the circuit court of Douglas county is reversed and cause remanded to said court with instructions to overrule the motion to dismiss the amended complaint.

*Reversed and remanded with directions.*