Edith Otter Lewis, Appellee, v. T. C. Hill, Individually
and as Executor of Last Will and Testament of
Sarah E. Collins, Deceased, et al., Appellants.

Gen. No. 9,413.

October term, 1943. Heard in this court at the Opinion filed February 29, 1944.

Nichols & Jones, of Tuscola, for appellants.

S. S. DuHamel, of Springfield, for appellee.

Mr. Justice Riess delivered the opinion of the court.

The same issues and assignments of error came before this court in a prior appeal in the same cause and between the same parties, which was heard and decided by this court at its February Term, A. D. 1943. The opinion therein, reported in full, appears in *Lewis v. Hill,* 317 Ill. App. 531, 47 N. E. (2d) 127. In passing upon the same contentions of the appellants herein, who were the appellees in that appeal, this court reversed and remanded the cause to the circuit court of Douglas county with instructions to overrule the defendants' motion to dismiss the amended complaint. The mandate of this court was docketed in the circuit court below and defendants were ruled to answer. On June 17, 1943, answer was filed and on June 29, 1943, judgment was entered on the pleadings against the defendants and in favor of the appellee, from which judgment the appellants, defendants below, have perfected this appeal.

The record again raises the question of jurisdiction of the circuit court to hear the cause upon the issues framed by the pleadings; contending that sole jurisdiction thereof remained in the county court of said county and that the proceeds of the real estate devised to appellee herein and converted into personal property by judicial sale upon the petition of the conservator, now executor of the estate of the testatrix, Sarah

E. Collins, has adeemed the devise to said appellee. Both the facts and the contentions presented herein were fully considered and passed upon in the unanimous opinion of this court upon the former appeal, cited *supra*. It is conceded that no new nor different contentions are made by the respective parties and that no new cases nor citation of authorities have been given. Upon a careful consideration of the record before us, we find no valid reason for arriving at a different conclusion upon the issues heretofore discussed and passed upon by this court.

We therefore hold: (a) that the decree appealed from was entered by the circuit court in the proper exercise of its equitable powers with jurisdiction of the parties and subject matter of the pending cause; (b) that the sale of the real estate in question did not adeem the specific devise to the plaintiff, but that the funds arising from the sale of the real estate described in said testamentary devise, being intact in the hands of the defendant executor, were impressed with an equitable trust in favor of the devisee, Edith Otter Lewis, and upon distribution of the estate of said testatrix, should be paid and distributed by the appellant executor, T. C. Hill, to the plaintiff appellee herein, under the applicable provisions of the will of said testatrix as found and decreed by the chancellor below; (c) that no prejudicial nor reversible error appears in the record and that the decree of the circuit court of Douglas county should be and is hereby affirmed.

*Decree affirmed.*