## County of Winnebago, et al., Appellants, v. Richard Harrington et al., Appellees.

### Gen. No. 10,066.

Opinion filed April 18, 1946. Rehearing denied October 3, 1946. Released for publication October 3, 1946.

MAX A. WESTON, State's Attorney, and ROBERT R. CANFIELD, Assistant State's Attorney, for appellants.

LARGE, RENO & ZAHM and STANLEY H. GUYER, all of Rockford, for cross appellants; RALPH S. ZAHM and STANLEY H. GUYER, both of Rockford, of counsel.

WELSH & WELSH and NELSON & NELSON, all of Rockford, for appellees; C. K. WELSH and C. H. NELSON, both of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This proceeding originated in the circuit court of Winnebago county, in which the County of Winnebago and others sought to enjoin the defendants, the Harrington Brothers, from violating the provisions of a county zoning ordinance. To the petition the defendants filed their answer. A number of adjoining property owners were granted permission to intervene. The intervenors filed a petition for alternate relief, which sought to enjoin the defendants from making any further additions to a shop building or expanding it in any way. The defendants filed an answer to this petition. A hearing was had before the trial court resulting in a decree substantially in accordance with the prayer of the petition of the intervenors, but denied the relief sought by the County of Winnebago. The decree permitted the defendant to complete the construction of its addition referred to in the record as building "C," but restrained the defendants from constructing any further building of nonconforming use, upon the premises of the defendants. The County of Winnebago has prosecuted an appeal from that part of the decree denying the prayer of their petition. The Harrington Brothers have prosecuted a cross-appeal from that part of the decree, which restrains them from any further construction, as provided in the decree.

The locality in which the defendants have their building and the intervenors, is zoned for "agricultural purposes," and not for residential purposes. The building "C," referred to in the proceeding is a small addition of about 28 by 40 feet to the building already used by the defendants as a repair shop for automobiles, etc. It is conceded by all the parties that the Harrington Brothers have been using the ground, on which this addition is being constructed, in the operation of their business, and the new building only covers that portion of the premises now being used.

It is not claimed by anyone that there is any objectionable noise, smoke or odor caused by the use of the premises.

It is insisted by the appellees that as it is applied to this property, and the use that is being made of it, the ordinance is unreasonable, capricious and void. The intervenors, 16 owners of residence properties contiguous to, and near the property in question, state in their printed argument that they are convinced that the decree the trial court entered, is manifestly fair and equitable, and that they are entirely satisfied, and agree the court was correct in allowing the addition "C," made by the defendants to the premises in question, to be finished and to remain. They also claim that that portion of the decree perpetually enjoining the defendants from making any further, or additional improvements, is correct, and does not injure the defendants in any way.

There is no proof in the record that the erection of this addition to the property, already used by the defendants in their business, would in anywise interfere with, or be offensive to the community surrounding the defendants' property. The property owners near it are not complaining about the erection of this addition. The work that the defendants would do in the new building evidently would be less objectionable if inclosed in a building rather than to have the work done out in the open. Under the circumstances, as disclosed by this record, we are satisfied that that part of the decree of the trial court which gave the defendants permission to continue with the erection of building "C," is correct.

The Harrington Brothers, by their cross-appeal, have challenged that part of the decree which prevents them from erecting any future additions to the building known as A, B and C. There is no allegation, either in the original complaint, or the intervenors' petition that the defendants contemplate erecting any building on the premises except to complete

the addition "C." The evidence shows that the defendants do not contemplate erecting any other buildings on the premises. In order to support a decree, there must be allegations and proof of the matters contained in the petition. In the present case, the record is wholly devoid of any allegation, or proof to support that part of the decree restraining the defendants from future improvements to their building. That part of the decree should be reversed.

That part of the decree permitting the completion of the improvement "C," is affirmed. That part of the decree enjoining the defendants from future improvements is reversed.

*Affirmed in part and reversed in part.*