Michael Banas, Charles J. Banas, and Edward Banish, Plaintiffs-Appellants, v. I. S. Jensen, Trading as Jensen Oil Company, and Emerson Brown, Defendants-Appellees.

Gen. No. 10,673.

Opinion filed July 2, 1953. Released for publication July 20, 1953.

R. N. WYCKOFF, of Chicago, and DANIELS & GRIESHEIMER, of Wheaton, for appellants; JAMES C. MURRAY, of Chicago, of counsel.

JOHN H. PAGE, of Rockford, and WILLIAM C. ATTEN, of Wheaton, for appellees.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Michael Banas, Charles J. Banas, and Edward Banish, hereinafter referred to as plaintiffs, filed their suit in the circuit court of Du Page county, Illinois, against I. S. Jensen, owner of a truck, and Emerson

Brown, driver of the truck and an employee of Jensen, herein called the defendants, for personal injuries and property damages resulting from an automobile accident occurring in Du Page county, Illinois.

The complaint charged the defendants with specific acts of negligence and of wilful and wanton misconduct in the operation of the truck.

The defendants filed their motion to dismiss this suit and it was dismissed by the court. The plaintiffs have appealed from this order.

The undisputed facts are that Michael Banas, plaintiff, his wife, Frances Banas, and their children, Charles J. Banas and Edward Banish, plaintiffs, were riding in an automobile owned by Michael Banas and operated by Charles Banas and they had an intersection collision with a truck, owned by I. S. Jensen and operated by Emerson Brown; that Frances Banas was killed in the accident; that subsequently the La Salle National Bank, administrator for the estate of Frances Banas, filed its suit in the circuit court of Du Page county, Illinois, for the wrongful death of Frances Banas; and that the case was tried by a jury which found the defendants not guilty and judgment was entered on the verdict.

The sole question before this court is whether or not the doctrine of estoppel by verdict applies in the instant case and whether or not the trial court properly dismissed the complaint of these plaintiffs.

The motion to dismiss was supported by the affidavit of one of the attorneys for the defendants. This motion and affidavit in substance state that in the prior case these plaintiffs sought to recover damages alleged to have been sustained by them as next of kin of Frances Banas, that the injuries to these plaintiffs arose in the same accident that resulted in the death of Frances Banas, that the prior suit was tried and a verdict was returned in favor of the defendants and

against the plaintiffs, that the issues determined in the prior case are the same as in this case and that these plaintiffs are now estopped by verdict from relitigating these same issues.

There is a scholarly discussion of the doctrine of estoppel by verdict announced by JUSTICE FIELD in *Cromwell v. Sac County,* 94 U. S. 351, 24 L. Ed. 195, as follows:

"There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose . . . The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to

■■■■■■■■■

■■■■■■■■■■■

matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

■■ The Supreme Court of Illinois discusses this subject in *Hoffman v. Hoffman*, 330 Ill. 413, at page 417. It says:

"The rule in respect to the conclusiveness of the verdict and former trial between the same parties, when the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive *per se*, is, that it must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined . . . But even where it appears from intrinsic evidence that the matter was properly within the issues controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded. . . . To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact."

The same rule has been followed by the Supreme Court in *People v. Chicago & E. I. Ry. Co.*, 336 Ill. 506

and in *Haack v. Lindsay Light & Chemical Co.*, 393 Ill. 367.

 The question presented here is whether or not every material issue in this case has been determined in the prior case. A general verdict of not guilty was returned in the prior case. No special interrogatories were submitted to the jury; so it is impossible to determine on what facts the jury based their verdict. We can only speculate as to whether or not the jury in the former action found the defendants guilty of negligence, wilful or wanton misconduct or free from same. However, in that case, the jury might have found that the defendants were guilty of negligence or wilful and wanton misconduct and the deceased was guilty of contributory negligence or wilful and wanton misconduct. In such case, the contributory negligence and wilful and wanton misconduct of the deceased would constitute a complete defense. While the motion to dismiss recites that the contributory negligence or wilful and wanton misconduct of the plaintiffs in this action is determined in the former case, no facts appear in the motion or affidavit attached thereto to indicate that this issue was actually determined by the jury in the former case.

The contributory negligence or contributory wilful and wanton misconduct of the plaintiffs is a material issue in this case. Therefore, it is obvious that every material issue in this case was not determined in the prior case.

Depending upon the facts and circumstances of the accident itself, not disclosed by this record, there may have been evidence proving some overt act of the deceased, Frances Banas, constituting contributory wilful and wanton misconduct and therefore constituting a bar to recovery by the next of kin in that case.

Defendants further contend that the motion to dismiss with its accompanying affidavit discloses on its

face that there was estoppel by verdict. They urge that as the plaintiffs did not see fit to file counteraffidavits, the allegations in the motion must be accepted as true.

█ █ The motion and affidavit must state such facts as establish a legal defense of an estoppel by verdict. The facts alleged in the motion have been stated heretofore in this opinion. The burden of alleging such facts as constitute an estoppel by verdict is upon the defendants who invoked it. (*Svalina v. Saravana*, 341 Ill. 236.) In our opinion the defendants' motion, admitting all facts well-pleaded to be true, does not establish the defense of an estoppel by verdict.

█ Applying the law as above announced to the facts disclosed from the record in this case, it is our opinion that the doctrine of estoppel by verdict is not established in this case. The trial court erred in allowing defendants' motion dismissing the complaint.

The cause is reversed and remanded with directions to reinstate the cause and to deny defendants' motion to dismiss the complaint.

*Reversed and remanded with directions.*