N. N. Norman, a Sole Trader, Doing Business Under Style and Firm Name of A. M. Norman & Son, Plaintiff-Appellee, v. School District No. 1, Pope County, Illinois, a Municipal Corporation, Defendant-Appellant.

Term No. 55-O-17.

Fourth District.

February 1, 1956.

Released for publication February 23, 1956.

J. D. Quarant, of Elizabethtown, for defendant-appellant.

David A. Warford, and Arthur F. Melvin, both of Marion, for plaintiff-appellee.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This case involves a judgment on the pleadings in plaintiff's favor for the sum of $32,000 principal and $2,344.43 interest entered in the lower court on the 2nd day of May 1955.

In as much as judgment was entered on the pleadings, we will recite in some detail the material parts of the pleadings involved. The complaint filed September 14, 1953, alleged in substance that the plaintiff and defendant had entered into a contract on the third day of May 1951, under the terms of which the plaintiff undertook the construction of a school building for the defendant for the sum of $264,274; that the contract

provided that payments should be made monthly as the work was certified by the architect except that the defendant could retain ten per cent of the amount of such estimate until final completion and acceptance of all work; that shortly after May 3, 1951, plaintiff commenced the construction and from time to time received payments under the contract totaling $228,-402.92, leaving a balance due of $35,871.08; that the construction of said building had been finally completed; that plaintiff had certified said construction as completed to the architect; that the architect had approved the certificate of final construction; and that said approved certificate had been presented by plaintiff to the defendant together with a demand for payment. Attached to the complaint were certain portions of the contract. Afterwards plaintiff, by leave of court, amended his complaint to show a payment on September 19, 1953, of $3,871.08, reducing the balance due to the sum of $32,000, and thereafter the plaintiff amended the complaint to demand interest on said sum of $32,000.

To this complaint the defendant filed a motion to dismiss. This motion was later withdrawn and an answer and counterclaim were filed. Subsequently the answer and counterclaim were, by leave of court, withdrawn and the motion to dismiss the complaint was again filed. Hearing was had upon this motion and it was overruled. Thereafter, on September 18, 1954, defendant filed its amended answer and counterclaim and on October 8, 1954, plaintiff filed his reply to the amended answer and answer to counterclaim. No further pleadings were filed.

The amended answer of the defendant in Count I made certain admissions and denials of the allegations of the complaint, the denials in substance setting out certain defects in the construction of the building and denying that the contract was finally completed. In Count II of the amended answer an affirmative defense

468

was pleaded setting up that the contract provided the defendant could withhold ten per cent of the amount of each estimate until final completion and acceptance of all work, and alleging that the plaintiff had not finally completed the contract nor had the defendant accepted all of the work. Count III of the amended answer contained another affirmative defense setting up the terms of the contract relating to arbitration. This count, however, was later stricken and no point is made thereon. Count IV of the amended answer was a counterclaim for damages by reason of the alleged fact that the plaintiff did not complete the building within the time specified in the contract and thus the defendant was put to additional expense in finding quarters to conduct its school activities.

The reply of the plaintiff was also divided into counts and special replies. Plaintiff denied that the building was not fully completed. He set up facts by way of showing excuse for the delay in construction by alleging that the delay was caused by various acts of the counterplaintiff and its contractors. In the special reply and in his answer to the counterclaim he plead specially that during the month of August 1953, the Board of Education of the defendant acting under the provisions of paragraphs 19—10 and 19—11 of Chapter 122 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 123.1058, 123.1059] passed and adopted a resolution declaring, among other things, that the claim of plaintiff for $32,000 for the amount due him on his contract was allowed, and declaring the intention of the school district to issue bonds for the purpose of paying said claim among others, and that the action of said Board was, by virtue of the statute involved, a declaration of the validity of plaintiff's claim and established the validity of said claim.

As before stated, this reply was filed on October 8, 1954. Some time thereafter the case was set for jury trial for May 2, 1955. No further pleading had been

469

filed by the defendant and on April 28, 1955, plaintiff filed his motion for judgment. Hearing was had upon this motion on May 2, 1955, at which time defendant's motion for leave to plead was denied, and thereafter defendant's motion for leave to file motion to strike reply was denied and the motion for judgment on the pleadings was allowed. Jury was waived on the question of computing the amount of interest. Evidence was heard and judgment was entered as hereinbefore described.

Defendant first contends that a motion for judgment on the pleadings is not a matter recognized by statute and that the motion filed herein by the plaintiff did not comply with the various motions recognized by statute for summary judgment or for motions attacking the sufficiency of the pleadings or for motions under Section 48 of the Civil Practice Act of 1933 [Ill. Rev. Stats. 1953, ch. 110, § 172; Jones Ill. Stats. Ann. 104.048]. It is true that prior to the adoption of the Civil Practice Act effective January 1, 1956 (see paragraph 45, sub-section 5 [Ill. Rev. Stats. 1955, ch. 110, § 45, subd. (5); Jones Ill. Stats. Ann. 104.045, subd. (5)]) judgment on the pleadings was not authorized by statute. However, the courts have recognized the procedure and sanctioned it in the following cases, among others: Milanko v. Jensen, 404 Ill. 261, 88 N.E. 2d 857; Manthei v. Heimerdinger, 332 Ill. App. 335, 75 N.E.2d 132; Lewis v. Hill, 322 Ill. App. 68, 53 N.E.2d 736 (affirmed 387 Ill. 542, 56 N.E.2d 619).

■■ ■■ Defendant's remaining contentions are as follows:

(1) That the complaint fails to state a cause of action because it did not plead fulfillment of all conditions precedent.

(2) The resolution of the Board should have been pleaded in the complaint and that pleading it in the reply was a change of the basis of recovery.

(3) That there was no estoppel by conduct or otherwise upon which plaintiff was entitled to recover.

(4) That the lower court abused its discretion in refusing leave to plead to the reply.

As to the first contention, it is true that in common law it was necessary in recovery upon a contract to plead the conditions precedent and that those conditions have been fulfilled or that there was a legal excuse for their nonfulfillment. However, under Supreme Court Rule 13, Chapter 110, Illinois Revised Statutes of 1953, § 259.13 [Jones Ill. Stats. Ann. 105.13], it is provided that in pleading the performance of a condition precedent it is sufficient to allege generally that the party performed all conditions on his part and if the allegation be denied the facts must be alleged in connection with such denial showing wherein there was a failure to perform. The complaint in this case alleged a final completion of the contract and a certificate of such final completion approved by the architect. In our opinion, this complies with Supreme Court Rule 13.

■ Defendant's second contention pertains to a method of pleading which in our view is more or less optional with the plaintiff. His complaint is a sufficient statement of a cause of action for failure to pay the balance due under an executed contract. To this complaint any number of defenses might have been available and pleaded by the defendant, including payment, the assignment of plaintiff's interest, or the invalidity arising because of a lack of power of the defendant to execute such a contract as well as the sufficient performance by plaintiff under said contract. The plaintiff, if he had so chosen, could have anticipated some of these defenses and plead facts negativing the same. However, he was not bound to so do. When, therefore, the defendant plead defenses that went to plaintiff's performance under the contract, it

471

was then appropriate for plaintiff to plead the resolution adopted by the defendant's Board which, under the statute, would answer these particular defenses.

As to defendant's third contention concerning the effect of the resolution passed by the Board, it should be noted that the statute involved, being paragraph 19—11 of Chapter 122, provides in substance that before any district shall avail itself of the provisions of Section 19—10 providing for the issuance of bonds, the governing body shall examine and consider claims proposed to be paid and if it appears that they were authorized and allowed for proper school purposes it shall adopt a resolution so declaring and the adoption of the resolution shall establish the validity thereof. The reply alleges that the Board of Education of the defendant, acting under this section of the statute, allowed plaintiff's claim for the $32,000; declared it was a valid claim; and declared the intention of the school district to issue bonds thereunder to secure funds to pay this claim among others. The reply also asserted that by this resolution the validity of plaintiff's claim in the amount of $32,000 was established and defendant estopped from denying the validity thereof.

 In Illinois the legislature has, by the school code, Chap. 122, Ill. Rev. Stat., entrusted to the school boards the management of the property and financial affairs of the respective districts. Whenever a Board which is charged with such power acts in pursuance thereto in allowing a claim against the municipal or quasi-municipal corporation courts will not interfere with such action unless fraud, collusion or corruption be shown or unless the claim was not of a character which could be paid by the corporation. County of Cook v. Ryan, 51 Ill. App. 190. Fitzgerald v. Harms, 92 Ill. 372. County of Coles v. Goehring, 209 Ill. 142, 70 N. E. 610. In our case no question of estoppel need be considered. Under the statute and the action of the

Board the validity of plaintiff's claim was fixed. Since defendant did not deny the allegations concerning the resolution, the lower court and this court must conclude the resolution was duly adopted.

The last contention of the defendant pertains to a claimed abuse of discretion by the lower court in refusing defendant leave to plead or file a motion to strike the reply. Six months and twenty days had elapsed since the filing of the reply and if the plaintiff had gone to trial on May 2nd without an additional pleading filed by the defendant, he would have waived that failure. Cienki v. Rusnak, 398 Ill. 77, 75 N.E.2d 372. His motion for judgment on the pleadings was therefore appropriate before the trial had commenced. The affidavit filed in support of defendant's motion for leave to plead does not, in our opinion, show sufficient cause for excusing the delay nor does it attempt to present to the court what pleading the defendant intended to file. The denial of the leave to file a motion to strike the reply was accompanied by a motion to strike. The court however allowed the filing of the motion only for the purpose of a showing in the record of what was tendered. This motion is before us and asserts in substance that the resolution of the Board of Education did not constitute a waiver or an estoppel. We have heretofore pointed out that estoppel is not the real basis of establishing the validity of the claim, it having been established by the resolution and the provisions, of the statute referred to. We hold that there was no abuse of discretion by the trial court in denying the leave to further plead or leave to file the motion to strike.

The judgment of the lower court is proper and should be affirmed.

Judgment affirmed.

CULBERTSON and SCHEINEMAN, JJ., concur.