Lawrence R. Tompkins, Appellee, v. Lionel C. France and Virginia C. France, d/b/a The France Company, Appellants.

Gen. No. 47,589.

First District, First Division.

March 23, 1959.

Released for publication May 13, 1959.

Shanesy, Hobbs & Ball, of Evanston (Arthur R. Koch, of counsel) for defendants-appellants.

John T. Garrity, of Chicago, for plaintiff-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is a suit for the recovery of damages for an alleged breach of a contract to purchase real estate. When the case was called for trial, plaintiff made a motion for judgment on the pleadings, and the court after a hearing entered judgment for $2000, from which judgment defendants appealed. No question is made with respect to the damages. The sole point made is that this was a summary judgment, entered in violation of the rules of the County Court, and that an issue of fact was made by the pleadings.

The facts are that plaintiff and defendants on April 6, 1955, entered into what is called a "preliminary agreement to purchase" the property in question located in Lincolnwood, Illinois, for $49,500, $2000 to be deposited as earnest money, $35,500 cash to be paid on delivery of the deed, and $12,000 by the assumption of a mortgage. It was provided that the $2000 deposited as earnest money should be applied on the purchase price when the sale was consummated, and that the usual Chicago Real Estate Board sales contract form, embodying the terms before stated, would be executed within five days after the acceptance of the agreement by the owner. It was further provided that should the owner fail to accept, the deposit was to be returned to plaintiff and the agreement rendered null and void. In the event of default by the purchaser, the deposit was to be retained by defendants. In due course defendants tendered a contract. It was not on the Chicago Real Estate Board form and did not embody the terms and conditions of the preliminary agreement. The form submitted called for an earnest money deposit of $4950, an increase of $2950 over the $2000 specified in the preliminary agreement. The change is obviously one of substance. There are two other minor changes which need not be here discussed. The foregoing facts are alleged and admitted in the pleadings.

229

 Defendants make the point that this was a motion for a summary judgment and subject to Rule 16, Section 1, of the County Court, which provides for notice thereof together with copies of supporting affidavits at least ten days before the hearing, with a provision for the filing of counter-affidavits. The rule unquestionably relates to summary judgments, as used in [Ill. Rev. Stats.] Paragraph 57 of the Civil Practice Act. This is not that sort of proceeding. It is a proceeding under Paragraph 45 of the Civil Practice Act, which relates to judgment on the pleadings. While the motion for plaintiff was designated as a summary motion for judgment on the pleadings, obviously the word "summary" was here used in the more general sense, as defined in Black's Law Dictionary—that is, "a short, concise and immediate proceeding." The judgment in question makes clear that it was a judgment on the pleadings as follows:

"Judgment on the Pleadings for the Plaintiff for $2000.00 and Costs of this action. . . ."

Such a motion is specifically authorized under Paragraph 45 (5) of the Civil Practice Act. Concerning this statute the note in Smith-Hurd's Illinois Annotated Statutes, 1956, reads:

"Subsection (5) is new. It affords statutory recognition of the motion for judgment on the pleadings which is presently sanctioned by the courts. Milanko v. Jensen, 404 Ill. 261, 88 N.E.2d 857 (1949); Harrison v. Kamp, 395 Ill. 11, 69 N.E.2d 261 (1946); Manthei v. Heimerdinger, 332 Ill. App. 335, 75 N.E.2d 132 (2d Dist. 1947); Lewis v. Hill, 322 Ill. App. 58, 53 N.E.2d 736 (3d Dist. 1944) affirmed 387 Ill. 542, 56 N.E.2d 619."

A motion for a judgment on the pleadings submits to the court that there is no issue of fact to be tried and that the moving party is entitled to judgment under

230

the averments and admissions made by the pleadings. A summary judgment, on the other hand, may be based on affidavits and the submission of documents revealing that no *genuine* issue of fact is involved. This type of proceeding is described in Allen v. Meyer, 14 Ill.2d 284, and Gribben v. Interstate Motor Freight System Co., 18 Ill.App.2d 96, 151 N.E.2d 443.

In the instant case, the pleadings show that defendants presented to plaintiff a form of contract differing substantially from the preliminary agreement. This was tantamount to a repudiation of the agreement, and the court properly entered judgment on the pleadings. There was no issue to be tried.

A motion to dismiss the appeal was taken with the case. In view of our decision, it is not necessary to pass upon it.

Judgment affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.