Elzie Crockett, Plaintiff-Appellee, v. Tommy Harrison, et al. On Appeal of Tommy Harrison, Appellant.

**Gen. No. 47,932.**

First District, Second Division.

May 17, 1960.

Maxfield Weisbrod, of Chicago, for appellant.

Richard L. Clayter, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an action of replevin, in which plaintiff, Elzie Crockett, sued to recover possession of tavern fixtures held by defendant, Tommy Harrison. After a nonjury trial, plaintiff was awarded a 6-foot Lundstrom beverage cooler, and defendant was awarded the other items. Defendant Harrison appeals.

Plaintiff's claim of ownership to the cooler is based upon a paid conditional sales contract. Defendant's claim of ownership rests entirely upon a trial of right of property proceeding in the County Court of Cook County. In that proceeding, Harrison, as claimant of personal property levied upon, was the plaintiff, and the Business Credit Company, a corporation, on whose behalf the levy was made, was the defendant. Crockett was not a party of record in that proceeding but did participate in it as a witness.

The principal question is whether the judgment order in the trial of right of property proceeding is determinative as to the ownership of the beverage cooler, as between Crockett, plaintiff, and Harrison, defendant.

At the replevin trial, plaintiff Crockett testified that he purchased all of the replevied fixtures under conditional sales contracts, while operating a tavern in a building later purchased by Harrison. He introduced in evidence a conditional sales contract for the beverage cooler, which is marked "Paid in full." He denied selling, assigning or transferring any part of the claimed fixtures. He stated he left the items behind because the landlord (Harrison) changed the locks on April 13, 1959, and he could not get back into the premises. Both Crockett and Harrison testified they had no conversations with each other regarding the ownership of any of the items.

Crockett testified in the County Court proceeding that he owned the cooler. The record is not clear as to how he happened to be present. There is no affirmative showing that he was there on behalf of Business Credit. He asserted he testified for himself—not for Business Credit—and denied that its attorney represented him. No one testified to the contrary.

Harrison testified that Crockett could not pay his rent and "handed me the key and walked out." He

introduced in evidence a certified copy of the County Court judgment entered as of June 9, 1959, in favor of Harrison, and it includes "1 Lundstrom 6-foot beer cooler." He also introduced a receipt, showing he paid the balance due on the Crockett conditional sales contract for all the disputed fixtures, except the cooler.

Harrison contends that Crockett participated in the trial of right of property proceeding to the same extent as though he were named a party, and that he is a privy within the meaning of the doctrine of res judicata, and is conclusively bound by the judgment entered in the County Court. Harrison further contends that it is plain that Business Credit Company was defending the action in the County Court for both its benefit and that of Crockett—for its benefit, in that it would have obtained the proceeds of a sale under the levy—for Crockett's benefit, in that the proceeds of the sale would have reduced his indebtedness to Business Credit.

██ The doctrine of estoppel by verdict, a branch of res judicata, applies where some specific point or question has been adjudicated and determined in a former action. This is so, even though the cause of action is not the same in both suits. Under this rule, in order that the judgment in the first suit shall operate as an estoppel in the second suit, it must appear on the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the first suit. Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a subsequent suit in a different cause of action, the inquiry must always be as to the points or questions actually litigated and determined in the former action, and not what questions might have been litigated and determined in such suit. It is only upon such questions that the former judgment is conclusive in the subsequent ac-

12

tion. City of Elmhurst v. Kegerreis, 392 Ill. 195, 202 (1946) 64 N.E.2d 450; 23 I.L.P., Judgments, §§ 371, 372.

■ To create an estoppel by verdict, it is indispensable that the former adjudication be between the same parties or their privies. (Schafer v. Robillard, 370 Ill. 92, 100 (1938) 17 N.E.2d 963.) The party to be affected, or someone with whom he is in privity, must have litigated, or have had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. (Hedlund v. Miner, 395 Ill. 217, 230 (1946) 69 N.E.2d 862.) The estoppel does not operate against or in favor of one who is neither a party nor in privity with a party to the former action. Sweeting v. Campbell, 2 Ill.2d 491, 496 (1954), 119 N.E.2d 237.

■ ■ Privity depends upon the relation of the parties to the subject matter rather than their activity in a suit relating to it. Participation in the defense, because of general or personal interest in the result of the litigation, does not make one privy to judgment. No man ought to be bound by proceedings to which he was a stranger. Under the term "parties" in this connection, the law includes all who are directly interested in the subject matter, and had a right to make a defense or to control the proceedings, and to appeal from the judgment. This right involves, also, the right to adduce testimony and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause. Schurman v. Pegau, 132 Neb. 628, 286 N. W. 921, 925, 926 (1939).

Defendant Harrison relies entirely upon the County Court judgment as a bar to Crockett's claim. There is nothing in the judgment to show the identity of the basic judgment debtor or defendant, whose property was levied on. We cannot guess or speculate that it

13

was Crockett. The items in the levy include a number of items not replevied by Crockett, and it is not shown that Crockett asserted any claim to these other items.

The authorities relied on by Harrison indicate that many courts confine the requirement of privity only to the party against whom the plea of res judicata is asserted. They uniformly show that the litigation was conducted for the benefit or account of the party against whom the plea of res judicata was asserted, or that there was a "significantly close relationship" found to exist between the party to be bound in a second proceeding and the party against whom the original adjudication was made. These cases affirm the rule that only parties and their privies are bound by a prior judgment, even though they enlarge the traditional conception of privity. Bruszewski v. United States, 181 F.2d 419, 422 (1950); Souffront v. La Compagnie Des Sucreries De Porto Rico, 217 U. S. 475 (1910); Gammel v. Ernst & Ernst, 72 N.W.2d 364 (Minn. 1955); Goodrich v. Hanson, 33 Ill. 499 (1864); Bennett v. Monticello State Bank, 226 Iowa 705, 285 N. W. 266 (1939); Olesen v. Fisher, 22 Ill.App.2d 176 (1959) 159 N.E.2d 495; Tezak v. Cooper, 24 Ill. App.2d 356, 363 (1960), 164 N.E.2d 493.

We are satisfied that the record sufficiently identifies the beverage cooler to be part of the subject matter of both suits. We are not satisfied that there is sufficient evidence to show any privity between Crockett and Business Credit, even though Crockett testified in the prior action that he owned the items later replevied, and that two documents showing title in him were received in evidence in both suits. He denied he testified on behalf of Business Credit, and the record does not reflect any "significantly close relationship" to exist between them, even if we were inclined to enlarge the traditional area of

14

privity. The burden of alleging such facts as constitute an estoppel by verdict is on the defendant, who invoked it. Banas v. Jensen, 350 Ill. App. 582, 588 (1953), 113 N.E.2d 590.

The right to intervene in an action does not, in the absence of its exercise, subject one possessing it to the risk of being bound by the result of the litigation under the doctrine of res judicata. (Sweeting v. Campbell, 2 Ill.2d 491, 498, 119 N.E.2d 237.) Crockett's participation as a witness in the former suit did not give him the right to adduce testimony or to cross-examine witnesses. He had no control of the proceedings nor the right to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause. (Schurman v. Pegau, 132 Neb. 628, 286 N. W. 921, 925, 926.) We see no privity between Crockett and Business Credit resulting from Crockett's participation in the County Court trial.

We conclude that the trial court was correct in its awarding the cooler to Crockett, and for that reason the order is affirmed.

Affirmed.

KILEY and BURMAN, JJ., concur.