Thomas H. Sullivan, et al., Plaintiffs-Appellees, v. William Bard and LaSalle National Bank, Individually and as Trustee Under Trust Agreement Dated March 3, 1960 and Known as Trust No. 22612, Defendants-Appellants.

Gen. No. 48,926.

First District, Second Division.

October 29, 1963.

Irving Goodman and Allan J. Smietanka, both of Chicago, for appellants.

Collins and Harty, of Chicago (Richard B. Harty and John J. Burns, of counsel), for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order to sell real estate entered in the Superior Court of Cook County on July 10, 1962. The lower court entered an order on September 7, 1962, finding that there was no just reason for delay in enforcing an appeal thereon in accordance with Section 50(2) of the Civil Practice Act. (Ill Rev Stats c 110, § 50(2).)

The question upon appeal is whether there was sufficient evidence before the Chancellor for him to grant a petition to sell certain real estate based upon judgments by confession secured against the defendants-appellants or whether such sale was premature.

Defendant-appellant, William Bard, purchased real estate and the business thereon known as Tollway Auto Auction and located in Alsip, Illinois for about $250,000 on March 3, 1960. The title was placed in a land trust with the defendant, LaSalle National Bank, as trustee. The buyer, William Bard, agreed to assign a certificate for 50% of the beneficial interest in the land trust to plaintiff-vendor, Thomas H. Sullivan, as collateral security for a note of $33,060, and a certificate for the other 50% of the beneficial interest to the plaintiff-vendor, Edwin E. Bard, as collateral security for a note of $21,000. The two notes on their face appeared to be due three years from date or on March 3, 1963. A confession of judgment clause was included with the notes as well as an acceleration clause. In addition William Bard assumed the mortgage of the vendors and agreed to pay all liabilities of the Tollway Auto Auction.

The plaintiffs secured judgments by confession in the Municipal Court of Chicago on the two collateral notes on June 7, 1960. Thereafter, they instituted citation proceedings in the Superior Court of Cook County in order to effectuate the Municipal Court judgments. It was alleged that certified copies of the Municipal Court judgments were filed with the Superior Court at that time.

In the meantime, on March 24, 1961, the plaintiffs filed an amended complaint in three counts in the Superior Court of Cook County. Counts one and two were at law and asked damages for breach of contract and special damages from William Bard, damages from the LaSalle National Bank and damages from William K. Giroux, a potential buyer of the Tollway

18

Auto Auction from William Bard. Count three was in equity and asked the appointment of a receiver to prevent waste by William Bard. William Bard entered a counterclaim for $275,000, which was the amount offered by William K. Giroux to purchase Tollway Auto Auction. From what we can determine the citation proceeding and the third count in equity have been joined for hearing and are awaiting hearings and determination by a Master.

On April 11, 1962, the plaintiffs petitioned the Chancellor to appoint a Master for the purpose of bringing about an immediate sale of the property. The matter was referred to a Master who found that from the evidence the plaintiffs are entitled to the enforcement of the conditions of the collateral notes, that the defendant, William Bard, makes no defense to said notes and the Municipal Court judgments obtained thereon, and that the sale of the real estate will not prejudice the remaining issues to be determined. The Chancellor approved the report and ordered the sale, from which order this appeal is taken.

The defendants have admitted that the Municipal Court confession judgments are outstanding. They deny that they have been in default under the terms of the contract to trigger the acceleration clause. They put in issue whether any payments were due prior to the confession of judgment. They state that the Municipal Court judgments had never been pleaded in the Superior Court. They point out that no hearings had been held to determine the matters of fact disputed in the amended complaints and the answers thereto. They assert that the Master had no evidence before him upon which to base a finding sufficient for judgment.

The plaintiffs maintain that the defendants have admitted the confession judgments. Their position is that these judgments and certain alleged dismissed petitions to vacate have determined the matters pre-

19

sented by the defendants' points and the matter is res judicata. Therefore, the Master correctly ordered a sale upon the judgments alone.

The first mention of the Municipal Court judgments appears in the petition to sell real estate. No copies of these judgments were included with the petition to sell. Whether there was a supplemental citation proceeding in the Superior Court and whether certified copies of the proceedings below were brought up therein does not appear in this record and only appears in a contested allegation by the plaintiffs.

It is basic that a valid judgment must conform to and be supported by the pleadings as well as by the proofs in the complaint, and relief must be granted on the theory of the complaint, or not at all. Leitch v. Sanitary Dist. of Chicago, 386 Ill 433, 54 NE2d 458; Walsh v. Walsh, 372 Ill 254, 23 NE2d 341; Abbate Bros., Inc. v. City of Chicago, 11 Ill2d 337, 142 NE2d 691; Winnebago County v. Harrington, 329 Ill App 344, 68 NE2d 619; Kohler v. Kohler, 326 Ill App 105, 61 NE2d 687; and 4 Nich Ill Civ Prac, § 3934, p 30.

Although a document labelled "petition" is susceptible to several designations, we feel that here it is in the nature of a complaint and constituted a pleading. The Master treated it as such when he allowed briefs to be filed and answers to be made thereto. From this it follows that although the existence of the Municipal Court judgments was not pleaded in the original or amended complaints, they were mentioned in the petition—thereby constituting a pleading.

Supreme Court Rule 13(2) (Ill Rev Stats c 110, § 101.13(2)) states that in pleading a judgment it is sufficient to state the date of its entry, and describe its general nature and allege generally that the judgment or decision was duly given or made. Although the exact dates of the Municipal Court judgments are not given, the assertion of their complete docket numbers makes them easily ascertainable.

■ It is sufficient for the purpose of pleading to generally set out a judgment but where there are controverted facts and one party is relying upon res judicata it is necessary for the party setting up the judgment to show what was determined by it and what is common to the subsequent action. J. E. Crowder Seed Co. v. Industrial Commission, 347 Ill 86, 179 NE 518; Hoffman v. Hoffman, 330 Ill 413, 161 NE 723; and Brown v. Brown, 286 Ill App 471, 3 NE2d 945. Here the record is barren. We know that there are outstanding judgments. We are told that petitions to vacate were dismissed. We have no idea what defenses if any were interposed before the Municipal Court.

■■ It is generally true that where the Master has made findings it will be presumed that sufficient evidence existed as a basis for those findings. 3 Nich Ill Civ Prac § 2941, pp 360–361. The Master here found that the notes were due and that no defense to the notes or the judgments was presented. Since a proceeding which questions the merits of a confession judgment is addressed to the equitable discretion of the court "it will be denied if it appears that the amount represented by the judgment is due, and that defendant has no defense to the debt for which the judgment was rendered." (4 Nich Ill Civ Prac, § 4291, p 346.) See also Hier v. Kaufman, 134 Ill 215, 25 NE 517; Hansen v. Schlesinger, 125 Ill 230, 17 NE 718.

■ Here the defendants rely particularly upon the case of In re Kolar, 296 F2d 717, where the Seventh Circuit Court of Appeals found in a case with allegations similar to this that the judgment by confession on a note, which provided that holder might proceed to judgment immediately upon a default in payment or otherwise, was premature and was void and subject to collateral attack where at the time judgment was confessed there had been no default.

21

Here there are allegations that there were no defaults and that the notes were due "on" notes and not due "on or before" notes. We believe that these various allegations created questions of fact. The law is clear that where there are controverted questions of fact evident from an examination of *all* the pleadings, the trier of fact must take evidence to determine the correct facts and may not give judgment on the pleadings alone. Minor v. Universal C.I.T. Credit Corp., 27 Ill App2d 330, 170 NE2d 5; Naus v. Joanna-Western Mills Co., 18 Ill App2d 85, 151 NE2d 432.

Perhaps these disputed facts have all been satisfactorily settled in the Municipal Court and the motions to vacate subsequent thereto. The defendant says they have never been settled. It was incumbent upon the plaintiffs to bring in those Municipal Court records to show that there was a basis for res judicata.

We are sitting as a court of review. In this case we have no record of any evidence and nothing but a short finding by the Master. For the above reasons we feel that the decree of the Chancellor should be reversed and the cause should be remanded for the presentation of evidence to resolve the disputed facts.

It will be necessary that the matter of the counterclaim and the suits for damages be argued before any kind of a sale may be ordered. The appellants are counterclaiming for an amount considerably in excess of the minimum price suggested for a judicial sale. To allow a sale at a lower price would liquidate the amount of damages. In effect this would destroy the counterclaim. Any sale prior to the determination of the damage question would be premature.

The order is reversed and the cause is remanded with directions to proceed in accordance with this opinion.

Order reversed and cause remanded with directions.

BURKE, P. J. and FRIEND, J., concur.