THE CITY OF CHICAGO, Plaintiff, *v.* JEANETTE MENDELSON, Third-Party Plaintiff-Appellee—(COOK COUNTY DEPARTMENT OF PUBLIC AID *et al.*, Third-Party Defendants-Appellants.)

(No. 57537;

First District (3rd Division)—October 4, 1973.

Bernard Carey, State's Attorney, of Chicago, (Vincent Bentivenga and Donald P. Smith, Assistant State's Attorneys, of counsel,) for appellants.

Block, Levy and Becker, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The City of Chicago brought an action against Jeanette Mendelson to demolish certain improved real property after a fire had occurred at said property. Defendant, Mendelson, filed a third-party complaint impleading the Cook County Department of Public Aid and the State of Illinois Department of Public Aid as third-party defendants, claiming that third-party defendants unlawfully withheld rents from welfare recipients who were tenants in her building. Third-party plaintiff claimed that the withholding of rents prevented her from making necessary repairs to the building. The rent withholding was for a period of time which predated the fire. The circuit court of Cook County granted third-party plaintiff's motion for judgment on the pleadings and entered a judgment order in favor of third-party plaintiff and against third-party defendants, ordering the payment of the withheld rents and an accounting to determine the amount thereof. Third-party defendants have appealed from that order.

The Cook County Department of Public Aid (hereafter Cook County) contends that the trial court erred in granting the motion for judgment on the pleadings. Mendelson contends that the order from which the appeal was taken was not an appealable order. Mendelson further contends that the trial court properly entered summary judgment on the issue of liability. We note for further discussion that Mendelson has improperly characterized judgment on the pleadings as summary judgment.

We reverse and remand.

The facts are as follows. The third-party complaint alleged that the tenants occupying the building in question were welfare recipients and that Cook County had unlawfully withheld rent payments from Mendelson. The complaint prayed for judgment in the amount of the withheld rent.

Mendelson also filed a petition for an accounting of all withheld rents which were allegedly owed to her. Attached to the petition was a copy of an order entered on September 26, 1969, in a prior action involving building code violations entitled, "City of Chicago, Plaintiff v. Jeanette Mendelson, et al., Defendants." The order recited that after having received testimony, the trial court dismissed the complaint. Also attached to the petition was a copy of a Certificate of Inspection from the City of Chicago Department of Buildings. The certificate was dated November 26, 1969, and was based on an inspection of the building in question on November 25, 1969. The certificate showed there were no violations of the Building and Electrical Provisions of the Municipal Code of Chicago as of the latter date. In its answer to the petition, Cook County neither admitted nor denied the averments concerning the prior building code action but demanded strict proof thereof. Cook County denied that no violations existed on November 25, 1969.

A hearing was held on the petition for an accounting. At this hearing Mendelson submitted a motion for judgment on the pleadings. During arguments of counsel, mention was made of Ill. Rev. Stat. 1971, ch. 23, par. 11—23, which statute authorizes rent withholding when a building wherein recipients of public aid reside is found to have building code violations. It was determined that rents were withheld for the period of March, 1969, to January, 1970. The dismissed order in the previous action was entered on September 26, 1969, and the inspection which was the basis of the certificate was made on November 25, 1969. The trial court decided that the dismissal order and the certificate of inspection showing no violations were conclusive on the issue of whether building code violations existed during the withholding period and granted the petition for an accounting. Neither side presented any evidence. The trial court then granted Mendelson's motion for judgment on the pleadings. The court ordered that an accounting of withheld rents be filed with the court. Shortly thereafter, the trial court entered an order finding no just reason for delaying appeal of the judgment order. A money judgment of $4,116.90 was finally entered in favor of Mendelson representing the amount of withheld rents which were owed to her.

Mendelson contends that the order from which this appeal was taken was not an appealable order. On March 6, 1972, the trial court entered

judgment on the pleadings, *nunc pro tunc*, February 28, 1972. On March 28, 1972, the court entered an order finding that the previous order was appealable under Supreme Court Rule 304(a). On the same date Cook County filed its notice of appeal. Subsequently, a hearing was held on the issue of the amount of withheld rent. The court resolved the issue and entered a money judgment on April 14, 1972. Mendelson argues that because the trial court postponed its hearing concerning the accounting until a future date, its order of March 6, 1972, was only a partial determination of the rights and liabilities of the parties and was not final and appealable. She further argues that the trial court improperly made the finding as required by Rule 304(a) that the order of March 6, 1972, was appealable.

■■■ It is well established that a decree which adjudicates the rights and liabilities of the parties is final although it reserves an accounting for future consideration. (*Altschuler v. Altschuler* (1948), 399 Ill. 559, 78 N.E.2d 225; *Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 378.) When the trial court enters a final order as to fewer than all the claims for relief, an appeal may be taken from such final order only if the court expressly finds that there is no just reason for delaying appeal. (Ill. Rev. Stat. 1971, ch. 110A, par. 304(a).) In the instant case, because the judgment order was a final order, it was proper for the trial court to expressly so find. *Mederacke v. Becker* (1965), 56 Ill.App.2d 128, 205 N.E.2d 519.

Cook County contends that the trial court erred in granting the motion for judgment on the pleadings. In her appellee's brief, Mendelson has characterized the trial court's action as summary judgment. We find no support for this characterization in the record. We have examined the pleadings and the transcript of the hearings and find no mention of summary judgment. The trial court ruled on the motion for judgment on the pleadings. This was the form of relief which had been requested. In the reply brief of Cook County, the improper characterization was continued. However, this has no bearing on the nature of the trial court's order or the appropriate standard of review. The Illinois Civil Practice Act provides for judgment on the pleadings and summary judgment in two separate sections (Ill. Rev. Stat. 1971, ch. 110, pars. 45 and 57). Under the circumstances, we shall regard the judgment order as judgment on the pleadings and review the order accordingly. *Tompkins v. France* (1959), 21 Ill.App.2d 227, 157 N.E.2d 799.

■■ A motion for judgment on the pleadings raises the question of whether the pleadings present an issue of material fact, and if there is no such issue presented, the question as to whether the moving party is

entitled to judgment. (*Tompkins v. France* (1959), 21 Ill.App.2d 227, 157 N.E.2d 799.) If any material fact is in issue, judgment on the pleadings cannot be entered. (*Minor v. Universal C.I.T. Credit Corp.* (1960), 27 Ill.App.2d 330, 170 N.E.2d 5.) In the instant case the pleadings consisted of the third-party complaint and answer and the petition for an accounting with accompanying exhibits and answer. (*Sullivan v. Bard* (1963), 44 Ill.App.2d 16, 194 N.E.2d 18.) We find that the trial court erred in entering judgment on the pleadings.

■■ At the hearing on the petition for an accounting at which the court granted the motion for judgment on the pleadings, the court found that the dismissal order in the prior building code action and the certificate of inspection precluded Cook County from litigating the issue of building code violations. Whether or not building code violations existed was relevant to the issue of whether Cook County wrongfully withheld the rents of welfare recipients from Mendelson, as Mendelson alleged in her third-party complaint. Involved in this determination was an interpretation of Ill. Rev. Stat. 1971, ch. 23, par. 11—23, which authorizes rent to be withheld when building code violations exist in buildings in which welfare recipients reside. The statute contemplates close co-operation between governmental bodies in relation to finding building code violations, reporting them, withholding rent payments, correcting violations, and restoring rent payments. See, Comment, *Rent Withholding for Welfare Recipients: An Empirical Study of the Illinois Statute,* 37 U. of Chi. L. Rev. 798 (1970).

At the hearing in the instant case, the court decided that the dismissal order in the previous action was res judicata to the issue of building code violations because the dismissal order covered the period of time during which rents were withheld. The court was obviously referring to the doctrine of collateral estoppel, also known as estoppel by verdict, which is a branch of res judicata. (See *Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E. 723.) Nevertheless, we find that the doctrine of collateral estoppel has not been properly established in the instant case, and we further find that the trial court erred in deciding the case solely on the basis of the dismissal order and the certificate of inspection.

■■■ Collateral estoppel precludes parties and their privies in a prior action from relitigating facts in a subsequent action which were specifically litigated and determined in the prior action. This doctrine applies although the causes of action may be different. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450.) The former adjudication must be raised, if at all possible, in the pleadings or by motion. (*Banas v. Jensen* (1953), 350 Ill.App. 582, 113 N.E.2d 590.) The burden

is on the party who invokes the doctrine to allege that the question in issue was litigated and determined in the prior action. *Sullivan v. Bard* (1963), 44 Ill.App.2d 16, 194 N.E.2d 18.

Cook County argues that collateral estoppel does not apply because it was not established that the issue and facts in the instant case were litigated and determined in the prior action. *Chicago Historical Society v. Paschen* (1956), 9 Ill.2d 378, 137 N.E.2d 832, supports this position. In that case the court found that the plaintiff had not carried the burden of establishing collateral estoppel. It reversed a judgment on the pleadings for the plaintiff and remanded the cause. The court found that the plaintiff had failed to show the similarity of issues and the scope of the prior judgment. In *City of Chicago v. Provus* (1969), 115 Ill.App.2d 176, 253 N.E.2d 182, an injunction proceeding, the court found that the City of Chicago was barred by collateral estoppel from alleging certain building code violations which had been adjudicated adversely to the City in a prior prosecution approximately two years earlier concerning the same building and involving one of the same defendants. In *Provus* the doctrine of collateral estoppel was well pleaded and established at trial. The parties who invoked the doctrine pleaded it as an affirmative defense in their answer to the complaint. It was alleged that four of the building code violations in issue were identical to the violations which had been the subject of a dismissal order in the previous action. It was further alleged that the City had not appealed from the prior adverse judgment. The certified report of proceedings of the previous litigation was introduced into evidence. The defendants alleged, and established, that the condition of the building with respect to the four violations had not changed in the interim between the two actions.

■■■ In the instant case the scope of the prior dismissal order was not determined. It is possible that the prior action involved a prosecution of different violations than those involved in the instant case. Collateral estoppel was not pleaded. Only the copy of the dismissal order was included as an exhibit to the petition. This was not sufficient to properly present to the trial court the doctrine of collateral estoppel. (*Banas v. Jensen* (1953), 350 Ill.App. 582, 113 N.E.2d 590.) The Certificate of Inspection of the Department of Buildings does not have the effect of a judicial determination to which the doctrines of res judicata and collateral estoppel apply. (50 C.J.S. Judgments, § 606 (1947).) In addition, the certificate, on its face, recited that it was not a "finding, estoppel, or legal determination."

Cook County also argues that it was not established that it was in privity with the City of Chicago so as to be barred from raising factual matters in the instant case which had been decided adversely to the

City in the prior action. We decline to discuss the concept of privity. In the instant case, privity was not pleaded and it is apparent that the court did not fully consider the issue at the hearing.

We conclude that the trial court erroneously granted judgment on the pleadings for the third-party plaintiff. The third-party plaintiff did not in her pleadings establish collateral estoppel. Therefore, the trial court improperly concluded that the County was barred from litigating the issues which were raised by the pleadings. We reverse the judgment of the circuit court of Cook County and remand the cause for further hearings not inconsistent with the holdings in this opinion.

Judgment reversed and remanded with direction.

DEMPSEY, P. J., and McNAMARA, J., concur.